# MARYLAND REPORTS.

ANDREW J. BOOZE *vs.* JOHN HUMBIRD.

*Mandamus—Personal Actions—Costs—Code.*

The writ of *mandamus* is not a writ of right granted as of course, but only at the discretion of the Court to whom the application is made; and this discretion will not be exercised in favor of applicants, unless some just or useful purpose may be answered by the writ. It is never issued when it would be nugatory.

Although compared to a bill in equity for specific performance, a *mandamus* is a common law process, issued for the special purpose indicated in the writ, and the relief prayed is not modified according to circumstances, as under the prayer for general relief, in a bill in equity.

An application for a *mandamus* must be classed with those personal actions which die with the person; and where the same is pending in this Court, the personal representative of the applicant is not entitled, by virtue of Article 2, sec. 9 of the Code of Public General Laws, to appear for the purpose of prosecuting or defending it.

A claim for costs and damages is inchoate and contingent upon events, and cannot be considered as personal assets, before the amount of such claim is determined by judgment.

APPEAL from the Circuit Court for Allegany County.

This was an application by the appellant for a *mandamus*, to compel the appellee to surrender to him the office of Mayor of the City of Cumberland. The appellant claimed that none but registered voters had a right to vote at the municipal election, and that he had received

a majority of such votes. The appellee denied that the appellant had received such majority, and that the registry law, being the Act of 1865, ch. 174, applied to said election; and claimed that he himself had received a majority of the legal votes. The appellant demurred to that part of the appellee's answer, which denied the application of the registry law to the municipal election, and the Court (PEARRE, J.) overruled the demurrer, and decided that the registry law did not apply. By agreement, judgment was entered as if on verdict, in favor of the appellee, and this appeal was taken from the decision of the Court on the demurrer. After the appeal was taken, the appellant died, and his executors applied to be allowed to prosecute the appeal. That part of the argument of counsel directed to the consideration of questions other than the one decided by this Court, has been omitted.

The cause was argued before BOWIE, C. J., BARTOL, WEISEL and CRAIN, J.

*George A. Thruston* and *William J. Read,* for the appellant, argued:

That inasmuch as the case was pending in this Court at the time of the death of the appellant, it did not abate thereby, but that the executor was entitled to come in and make the necessary suggestion, enter his appearance, and prosecute the case. *Code of Public General Laws, Article* 2, *secs.* 9, 10, 11.

*J. H. Gordon, William Walsh* and *Thomas J. McKaig,* for the appellee, contended:

That by the death of the appellant the appeal abated.

Article 2, sec. 9, of the Code of Public General Laws, prevents the abatement of cases pending in this Court, "if the heir, executor, or other *proper person* to be made a party, shall at the first or second term succeeding the death

Booze *vs.* Humbird.

of such party, make the necessary suggestion, and appear to the appeal or writ of error for the purpose of prosecuting or defending the same.'' This law assumes that the case is such that there is some *proper party* to represent and succeed to the right or matter in litigation. If the case relate to the realty, the heir or devisee, if to the personalty, the executor or administrator would be the *proper party*. But if the case relate to neither real nor personal estate, there is no *"proper person to be made a party."* Does the right to the office of Mayor of the City of Cumberland devolve on the executor of the deceased Mayor? Does it constitute *personal assets* of the deceased Mayor, to be administered on, converted into money and paid to creditors, or distributed in specifics to distributees or legatees? It is respectfully submitted that no reasoning can hide the absurdity of such a proposition. The mayoralty is a personal public trust, and the relation between the Mayor and the city terminates instantly with the death of the Mayor. This is a personal action and dies with the person. Neither the wife, the children, nor the administrator of the appellant, can act as Mayor of the City of Cumberland. The appeal therefore abates, and should be dismissed.

Bowie, C. J., delivered the opinion of this Court.

The appellant, on the 17th of July, 1866, filed his petition in the Circuit Court for Alleghany county, for a writ of *mandamus*, directed to the appellee, commanding him to surrender to the appellant the office of Mayor of the City of Cumberland, and to yield up to him its emoluments, etc. The appellee appeared and filed his answer, showing cause why the *mandamus* should not be issued as prayed. The petitioner traversed some of the averments of the answer, and to others he demurred. The demurrer being overruled, judgment was entered for the respondent on the demurrer, to have the same effect

as a final judgment on verdict, by agreement, that an appeal might be taken.

The appeal was entered, and since the record was transmitted, the appellant has died.

The personal representative of the appellant prays leave to appear and prosecute the appeal; the appellee moves the Court to enter the same " abated."

In support of the claim to appear and prosecute, it is urged that Art. 2, sec. 9, of the Code enacts, that " No case pending in the Court of Appeals shall abate by the death of either of the parties to such appeal or writ of error, if the heir, executor, or other *proper person* to be made a party shall, at the first or second term succeeding the death of such party, make the necessary suggestion, and appear to such appeal or writ of error for the purpose of prosecuting or defending the same."' To show that the executor or administrator is the proper person, it is argued that in cases of *mandamus,* where a verdict is found for the petitioner, or judgment is given for him on demurrer, the petitioner is entitled to recover his damages and costs as he might have done in an action on the case for a false return ; (*vide Code Pub. Gen. Laws, Art. 59, sec.* 7,) and although the prayer of the petition cannot be gratified; by installing the petitioner into office, yet his right to the office should be decided, that he may recover his costs and damages. The appellee insists, the main object of the *mandamus* being to induct the petitioner, and eject the respondent from office, that when the former becomes impossible, the right to the writ ceases, and all its incidents fall with it, as the accessory follows the principal.

The writ of *mandamus* is not a writ of right granted as of course, " but only at the discretion of the Court, to whom the application is made ; and this discretion will not be exercised in favor of applicants, unless some just or useful purpose may be answered by the writ. *Angel & Ames on Cor.,* sec. 698 ; *State vs. Graves et al.,* 19 *Md.*

Rep., 374. It is never issued when it would be nugatory. 21 Md. Rep, 449. Although compared to a bill in equity for specific performance, it is a common law process, issued for the special purpose indicated in the writ, and the relief prayed is not modified according to circumstances, as under the prayer for general relief, in a bill in equity.

" In case the verdict shall be found for the petitioner, or if the Court, upon hearing, determine in favor of the petitioner, or judgment be given for him upon demurrer, or for want of a plea, such petitioner shall thereupon recover his damages and costs, as he might have done in an action on the case for a false return." Code of Pub. Gen. Laws, Art. 59, sec. 7.

The claim for costs and damages is inchoate and contingent upon events which in this case have not occurred. As much so as any unliquidated claim for a personal injury which depends upon the rendition of a judgment, before such claim could be assets in the hands of his personal representative.

Before the traverse to the answer was substituted for an action on a false return, the damages claimed in such action could not have been considered personal assets before judgment recovered. So, under the proceedings now conducted, on the traverse or demurrer to the answer, no claim to damages can arise until they are consummated by final judgment. There being no assets, there can be no proper personal representative to claim them in this stage of the cause.

The 9th section of the 2d Article of the Code has, therefore, no application to such a case as the present, as that presupposes a case, capable of being represented by the heir, executor or other proper person.

If it were proper to entertain a suit for a purpose entirely incidental, the judgment in this case being for the respondent, the presumption of law is, that it is correct, and if affirmed, no such claim as that to damages

could possibly exist; if reversed, further proceedings must be had, the result of which this Court cannot foresee. No case has been cited to sustain the motion of the appellant to appear and prosecute, and we are of opinion that this must be classed with those personal actions which die with the person.