## SEYMOUR *v.* NELSON.

### PRACTICE; MANDAMUS; ABATEMENT.

1. A petition for a writ of *mandamus* to a public officer of the United States abates by reason of his retirement from office as well after judgment and pending an appeal as before.
2. And in such event the practice is not to dismiss the appeal but to reverse the judgment and remand the cause to the lower court with directions to dismiss the suit for want of proper parties.

No. 663. Submitted April 12, 1897. Decided April 30, 1897.

HEARING on a motion to dismiss an appeal from a judgment awarding a writ of *mandamus. Motion denied, but judgment reversed.*

*Mr. Chester Bradford* and *Mr. E. W. Bradford,* for the appellee, for the motion.

*Mr. W. A. Megrath,* for the appellant, opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal taken by John S. Seymour from a judgment of the Supreme Court of the District of Columbia

awarding a writ of *mandamus* to compel the performance of an official act by him as Commissioner of Patents. Pending this appeal, his term of office has expired, and he has been succeeded by the Hon. Benjamin Butterworth.

The appellee, A. B. Nelson, brings these facts to the notice of the court and moves that the appeal be dismissed at the appellant's cost. The doctrine of the Supreme Court of the United States established by a uniform series of decisions is that a petition for a writ of *mandamus* to a public officer of the United States abates by reason of his retirement from office as well after judgment and pending an appeal therefrom as before. *Warner Valley Stock Co.* v. *Hoke Smith, Secy.,* &c., 165 U. S. 28. And the uniform rule of that court has been not to dismiss the appeal in such cases, but to reverse the judgment and remand the cause to the court in which it originated, with direction to dismiss the suit for the want of proper parties. The result is the same, whether the judgment (or the decree, in event the proceeding be by injunction instead of *mandamus*) that has been appealed from was in favor of or against the officer. *Warner Valley Stock Co.* v. *Smith, supra; Hoke Smith, Secy., &c.,* v. *Reynolds,* present term Supreme Court U. S.

In obedience to the rule established by the foregoing cases, we cannot grant the motion to dismiss the appeal, but are compelled to reverse the judgment and remand the cause, with direction to dismiss the petition, with costs, for the want of proper parties. It is so ordered.

*Reversed and remanded.*