[Civ. Nos. 408, 409.  Second Appellate District.—October 30, 1908.]

J. VINCENT HANNON, Administrator, Substituted for E. H. CROWLEY, Deceased, Appellant, v. A. C. HARPER et al., as Board of Police Commissioners of the City of Los Angeles, Respondents [Civ. No. 408].  J. VINCENT HANNON, Administrator, Substituted for E. H. CROW- LEY, Deceased, Appellant, v. H. J. LELANDE, Clerk, W. C. MUSHET, Auditor, and E. H. JOHNSON, City Tax License Collector of City of Los Angeles, Respond- ents [Civ. No. 409].

APPEALS—CERTIORARI—MANDAMUS—PERSONAL RIGHTS OF EMPLOYMENT AGENT—ABATEMENT BY DEATH—DISMISSAL AGAINST ADMINISTRA- TOR.—Appeals by an employment agent in a *certiorari* case to annul an order of police commissioners revoking his license, and in a *mandamus* case to compel the issuance to him of a new license, in- volve simply his personal rights and privileges, which are not assign- able, and upon the death of the appellant pending the appeals, the ac- tions involved abate without right of revivor in his personal repre- sentative, and the appeals must be dismissed, as against him, as presenting mere abstract questions of no practical benefit to any- one.

APPEALS from judgments of the Superior Court of Los Angeles County.  Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

Leslie R. Hewitt, City Attorney, and John W. Shenk, Dep- uty City Attorney, for Respondents.

SHAW, J.—The first of the above-entitled causes, No. 408, is an appeal from a judgment denying plaintiff's petition for a writ of review directed to said defendants in their capacity of and as constituting the board of police commissioners of the city of Los Angeles, said petition being based upon the alleged fact that said board had unlawfully made an order whereby it revoked the employment agency license which had theretofore been issued to and under which said Crowley was

conducting an employment agency. The second entitled action, No. 409, is an appeal from a judgment denying plaintiff's petition for a writ of mandate requiring defendants, as officials of the city of Los Angeles, to issue to him a license and permit to conduct an employment agency in said city.

In each case the respondents have filed a motion to dismiss the appeal upon the ground, supported by certificate of such fact, that since the taking of said appeal said Crowley has died, and said right of action is not one which survives to the personal representative of said deceased. The administrator of said deceased has been duly substituted as appellant in said proceedings, and the notice of said motions duly served upon him, but he has interposed no objection to the granting of said motions.

Neither case presents a cause of action which survives to or can benefit the estate of deceased. Conceding that deceased was entitled to have the proceedings of the board of police commissioners, whereby they revoked his license, set aside and annulled, and likewise conceding that he was entitled to have issued to him the license as prayed for in his petition for writ of mandate, they were nevertheless personal rights and privileges not assignable and not assets of his estate. (*Buck's Estate*, 185 Pa. 57, [64 Am. St. Rep. 816, 39 Atl. 821].) The proceedings belong to that class of actions which, upon the death of plaintiff, abate without right of revivor in the personal representative of the deceased. (*Booze* v. *Humbird*, 27 Md. 1.)

For the reasons given, the records present mere abstract questions, the determination of which could be of no practical benefit to anyone. (*Bradley* v. *Voorsanger*, 143 Cal. 214, [76 Pac. 1031].)

Appeals dismissed.

Allen, P. J., and Taggart, J., concurred.