Ray L. Levitch, Appellant, *v.* The Board of Education of the City of New York, Respondent.

Second Department, April 9, 1925.

Schools — action by school teacher in New York city to recover salary for period following alleged illegal removal — reinstatement condition precedent to recovery of said salary — determination by State Commissioner of Education against plaintiff is final until set aside.

A school teacher in the city of New York who has been removed by the board of education from her position as teacher cannot maintain an action to recover her salary for the period following her alleged illegal removal unless she can show that she has been reinstated in the service.

The plaintiff having appealed to the State Commissioner of Education from her discharge, his determination adverse to her contentions is final and conclusive upon her until set aside.

Appeal by the plaintiff, Ray L. Levitch, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 31st day of July, 1924, denying plaintiff's motion for summary judgment and directing the dismissal of the complaint, and also from a judgment entered in said clerk's office on the 3d day of October, 1924, pursuant to said order.

*Helen P. McCormick*, for the appellant.

*George P. Nicholson*, Corporation Counsel [*Elliot S. Benedict, John F. O'Brien* and *Thomas W. A. Crowe* with him on the brief], for the respondent.

PER CURIAM:

In this case we reach the following conclusions:

1. We think the learned justice at Special Term was right in denying plaintiff's motion for summary judgment. The answer presented issues upon which defendant was entitled to a trial.

2. As to the dismissal of the amended complaint upon the ground that it did not state a cause of action: While we disagree with the learned Special Term in its conclusion that the plaintiff could be removed from her employment except for cause and after a hearing (Education Law, § 872, subd. 3), we think plaintiff could not maintain this action for salary for a period during which she rendered no services, being prevented from doing so by the alleged illegal action of defendant, without first procuring reinstatement in her position. (*Hagan* v. *City of Brooklyn*, 126 N. Y. 643; *Walters* v. *City of New York*, 119 App. Div. 464; affd., 190 N. Y. 375; *Thomson* v. *Board of Education*, 201 id. 457.) We are also of opinion that the plaintiff having appealed from her discharge to the Commissioner of Education, his determination adverse to her upon the question here involved, until set aside, is final and conclusive upon her. (*Bullock* v. *Cooley*, 225 N. Y. 566; *Barringer* v. *Powell*, 230 id. 37.)

The judgment and order appealed from should be affirmed, with costs.

Present — KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ.

Judgment and order unanimously affirmed, with costs.