In the Matter of the Application of SARAH LEVITCH, as Executrix, etc., of RAY L. LEVITCH, Deceased (Substituted for RAY L. LEVITCH), Appellant, for a Peremptory Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Second Department, April 16, 1926.

Schools — teachers — removal of teacher in New York city — teacher who has served full probationary period can be removed under Education Law, § 872, subd. 3, only after hearing and by affirmative action of majority of board of education — teacher died pending mandamus proceeding for reinstatement and executrix was substituted — executrix is entitled to recover withheld salary.

A school teacher who has served the full probationary period in the schools of New York city can be removed under subdivision 3 of section 872 of the Education Law only after a hearing and by the affirmative action of a majority of the board of education, and the mere fact that the Commissioner of Education makes an adverse determination to the petitioner's claim for reinstatement is not conclusive and is not binding upon the courts.

A teacher in the schools of the city of New York having been unlawfully removed, her executrix who was substituted on the death of the teacher, pending mandamus proceeding, is entitled to recover the withheld salary.

APPEAL by the petitioner, Sarah Levitch, as executrix, etc., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 17th day of June, 1925, denying petitioner's application for a peremptory order of mandamus directed against the board of education of the city of New York commanding it to reinstate Ray L. Levitch to the position of teacher in public school No. 80, borough of Brooklyn, or to any other school in the public school system of the city of New York as such teacher, and that said Ray L. Levitch be reinstated with all the salary, interest, things and emoluments due her from the 11th day of September, 1920, together with all the benefits appertaining to said position of teacher in the public schools of the city of New York.

*Helen P. McCormick,* for the appellant.

*Thomas W. A. Crowe* [*George P. Nicholson, Corporation Counsel, John F. O'Brien* and *Elliot S. Benedict* with him on the brief], for the respondent.

PER CURIAM. In the action brought by the deceased petitioner against the board of education (*Levitch* v. *Board of Education,* 212 App. Div. 598) we decided that the petitioner, plaintiff there, was unlawfully removed from her employment as a school teacher. Our

decision was based upon section 872, subdivision 3, of the Education Law (as added by Laws of 1917, chap. 786) and upon the facts which established, within the language of the statute, that the petitioner was one who had served the full probationary period and was, therefore, entitled to hold her position during good behavior, and was not removable except for cause after a hearing by the affirmative vote of a majority of the board. The facts on the present appeal require an affirmation of that holding. We think that our dictum, expressed in 212 Appellate Division, 598, to the effect that the determination of the Commissioner of Education adverse to the petitioner was final and conclusive upon her, should not be adhered to. The petitioner's rights are dependent upon statute, and a wrong construction of such statute by the Commissioner of Education is not binding upon the courts. (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, 810; *Matter of McCarthy* v. *Board of Education*, 106 Misc. 193, 196, Callaghan, J.) The petitioner having died during the pendency of this appeal, and this court, by an order dated January 22, 1926, having substituted the executrix of said petitioner as the appellant herein (such facts being conceded by the respondent in its brief at p. 2), we think the case comes within the authority of *People ex rel. Fairchild* v. *Commissioners* (105 N. Y. 674), and, therefore, the executrix here is entitled to recover the salary withheld from the petitioner down to the date of her death.

The order denying the motion for a peremptory mandamus order should be reversed upon the law and the facts, with costs, and the motion for a peremptory mandamus order should be granted, with costs.

Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur.

Order denying motion for peremptory mandamus order reversed upon the law and the facts, with costs, and motion for peremptory mandamus order granted, with ten dollars costs. Settle order on notice before Mr. Justice Kapper.