**HURLEY, Secretary of War, v. SHANLEY.**

**No. 5469.**

Court of Appeals of the District of Columbia.
Argued May 31, 1932.
Decided June 27, 1932.

Leo A. Rover and Walter M. Shea, both of Washington, D. C., for appellant.

Samuel T. Ansell, B. Tracy Ansell, and George M. Wilmeth, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia granting a motion of the plaintiff below to strike out the answer of the Secretary of War, as defendant below, to a petition praying that the Secretary be enjoined from further stopping the pay of plaintiff as an Army officer, and that by a mandatory injunction he be compelled to order the return of sums theretofore withheld.

The defendant having elected to stand on his answer, the decree granted the relief prayed by the bill.

The plaintiff was a captain in the Quartermaster Corps, and while on duty at Ft. Slocum, N. Y., in 1923 and 1924 was in charge of and accountable for large quantities of commissary stores, property of the United States.

In 1925 a question arose as to an alleged shortage of stores, for which the surveying officer recommended that plaintiff should not be held responsible, and the commanding officer of the post approved that recommendation.

But upon review the Inspector General's Department recommended that the plaintiff should be held responsible for a shortage in stores amounting to $1,968 with a stoppage in his pay of $75 a month until that sum should be made up.

In November, 1925, the Chief of Finance, by order of the Secretary of War, made this stoppage of pay, which was later reduced to $50 per month, and, when $1,950 had been so withheld from the plaintiff, he filed his bill in the court below. The appellant contends, first, that the court below had no jurisdiction of the cause, and, secondly, that the Secretary of War had statutory authority to make the stoppage of pay complained of.

More particularly, the appellant claims specific authority for the stoppage under Revised Statutes 1304, and asserts that the Court of Claims has jurisdiction to grant complete relief under section 145, subdivision 3 of the Judicial Code, and section 147, Judicial Code. On the other hand, the contention of the appellee is that this case is controlled by the decisions in Smith v. Jackson, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788; McCarl v. Cox, 56 App. D. C. 27, 8 F.(2d) 669, and McCarl v. Pence, 57 App. D. C. 159, 18 F.(2d) 809. In those cases no custody of government property was involved, but it was clearly decided that the pay of an officer of the United States may not be stopped without specific statutory authority, which brings us to the question of whether R. S. § 1304 (10 USCA § 872) furnishes the requisite authority by providing that, "in case of deficiency of any article of military supplies, on final settlements of the accounts of any officer charged with the issue of the same, the value thereof shall be charged against the delinquent and deducted from his monthly pay, unless he shall show to the satisfaction of the Secretary of War, by one or more depositions setting forth the circumstances of the case, that said deficiency was not occasioned by any fault on his part. And in case of damage to any military supplies, the value of such damage shall be charged against such officer and deducted from his monthly pay, unless he shall, in like manner, show that such damage was not occasioned by any fault on his part."

336

While enacted many years ago, when the duties of quartermaster officers were not so numerous or so varied as they are to-day, we are of opinion that this section was intended to secure the United States as to all its property intrusted to all officers of that army for which it was providing.

And in 1866, perhaps realizing that under existing law injustice might in some cases be done to commissary officers Congress provided jurisdiction in the Court of Claims of "the claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing officer of the United States, or of his administrators or executors, for relief from responsibility on account of loss by capture or otherwise, while in the line of his duty, of Government funds, vouchers, records, or papers in his charge, and for which such officer was and is held responsible." 36 Stat. 1136, § 145, par. 3 (28 USCA § 250, par. 3).

And "whenever the Court of Claims ascertains the facts of any loss by any paymaster, quartermaster, commissary of subsistence, or other disbursing officer, in the cases hereinbefore provided, to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the General Accounting Office shall allow to such officer the amount so decreed as a credit in the settlement of his accounts." R. S. § 1062 (now Judicial Code, § 147 [28 USCA § 253]).

By virtue of those statutory provisions, the Court of Claims in a recent case relied on by appellant and much resembling the present case decreed relief to an officer, similar if not identical with the relief sought here. White v. U. S., 72 Ct. Cl. 375, decided June 1, 1931.

We see no substantial distinction between that case and this, and we are of opinion that in the circumstances as we find them here the proper forum of this plaintiff is the Court of Claims. We do not mean to hold, and do not hold, that the court below would not have jurisdiction in a proper case to grant injunctive relief, but here, as we have already pointed out, the value of the property shortage amounted to $1,968. All of this amount, except the sum of $18, has been withheld, and the injunction granted by the lower court can apply only to this remaining $18. This amount in the circumstances is de minimis. The real and substantial relief which plaintiff seeks is the recovery of the $1,950 which has been deducted from his pay, and that relief, as well as the incidental relief as to further deductions, which of course would include the $18 still undeducted, the Court of Claims has power and authority to grant. In these circumstances, plaintiff had a complete and an adequate remedy in a proceeding in the Court of Claims, and in like circumstances a court of equity ought not to interfere.

The decree is therefore reversed, and the cause remanded, with instructions to the trial court to dismiss the bill without prejudice to the right of plaintiff to proceed in the Court of Claims.

Reversed.