## DI BENEDETTO, Inspector of Customs, et al.
## v. MORGENTHAU, Secretary of the Treasury.

### No. 8709.

United States Court of Appeals
District of Columbia.

Decided March 5, 1945.

Miss Amy Ruth Mahin, of Washington, D. C., with whom Mr. Charles A. Horsky, of Washington, D. C., was on the brief, for appellants.

Messrs. Edward M. Curran, United States Attorney, Charles B. Murray, Assistant United States Attorney, and Daniel B. Maher, Assistant United States Attorney, all of Washington, D. C., submitted on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellants are customs inspectors at the port of New York. In compliance with an order of the Treasury Department to perform "regular hours of duty," Di Benedetto worked on New Year's Day, Thursday, January 1, 1942, and Dorrance worked on Decoration Day, Saturday, May 30, 1942, Armistice Day, November 11, 1942, and Thanksgiving Day, November 26, 1942. Appellants signed the customary statements of services rendered and filled out and signed pay vouchers indicating the nature of the work done and calling for extra compensation, calculated on the basis of twice their regular rates of pay per day. Appellee first declined to recognize any right to extra compensation and indicated that the holidays would be treated as regular working days; then referred the question to the Comptroller General, who also declined to recognize the claimed right of appellants and other similarly situated customs officers and employees. Appellants' complaint in the District Court asked—among other items of relief—that the Court declare "(a) That the Order of December 31, 1941, made by the defendant, Henry

Morgenthau, Jr., through W. N. Thompson, Administrative Assistant to the Secretary, and the Orders of May 29, of November 10, and of November 25, 1942, made by the defendant, Henry Morgenthau, Jr., through Frank A. Clancy, District Deputy Surveyor, District #8, were, under the express provisions of the Act of February 13, 1911, Ch. 46, Sec. 5, 36 Stat. 901, as amended by the Act of February 7, 1920, Ch. 61, 41 Stat. 402, 19 U.S.Code, Sec. 267,* orders for plaintiffs and other customs officers and employees to work overtime on those days for the benefit and convenience of private interests. (b) That plaintiffs and all customs officers and employees similarly assigned are entitled by law to extra compensation fixed by statute for overtime services rendered pursuant to administrative order on such legal public holidays as the first day of January, the 22nd day of February, the 30th day of May, the fourth day of July, the first Monday of September, the 11th day of November, the last Thursday of November, and Christmas Day." Appellee moved to dismiss the complaint upon the ground that it failed to state a claim upon which relief could be granted. Before that motion could be heard, the Supreme Court rendered its decision in United States v. Myers,[1] which, appellee concedes, seemed to dispose of the substantive question adversely to his contention. Thereupon the Court permitted appellee to file a substitute motion to dismiss for want of jurisdiction;

the latter motion was granted and the complaint dismissed. The question presented on this appeal is whether the District Court had jurisdiction of the case, and, if so, whether it was required to exercise it.

Appellants are officers of the United States and if the allegations of their complaint are correct, their remedy lies in the Court of Claims,[2] not in the District Court,[3] to recover extra compensation for overtime services. Full relief is available in the Court of Claims for such purposes. They contend, however, that they are entitled to a judgment, in the District Court, declaring "the proper construction of the statute" from which appellee, as "their chief administrative officer," derives his authority in connection with extra compensation for services performed by them on national holidays.

There can be no doubt that the Court of Claims has power to make the necessary interpretation of the statute. Consequently, if appellants' contention is correct they are entitled to such an interpretation in either or both Courts, even though the District Court is expressly barred, by the provisions of the Tucker Act, from deciding the case on the merits.[4] On the face of it there would seem to be no reason for such duplication of judicial action, and good reason for the District Court to decline to act even though it had jurisdiction.[5]

---

* 19 U.S.C.A. § 267.

[1] 320 U.S. 561, 64 S.Ct. 337, 88 L.Ed. 312.

[2] United States v. Myers, 320 U.S. 561, 567, 574, 64 S.Ct. 337, 88 L.Ed. 312.

[3] Tucker Act of March 3, 1887, c. 359, 24 Stat. 505, as amended, 28 U.S.C.A. § 41(20).

[4] Ibid.: "Nothing in this paragraph shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States * * *."

[5] Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 294; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 615, 616, and cases there cited; Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693, 695; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514, 515; see, Borchard, Declaratory Judgments (2d Ed. 1941) pp.

312–313: "* * * the reiterated statements of several courts that the grant of a declaratory judgment is discretionary has been severely criticized. But the courts are right and the critics wrong. The declaratory remedy is not like an ordinary equitable remedy in which the federal courts have on occasion remarked that when the plaintiff has the right to invoke the federal jurisdiction, the court is bound to take the case and proceed to judgment. Nor does the fact that the Report of the Judiciary Committee of the Senate makes no direct reference to the discretionary exercise of the power granted by the Federal Act militate against the rule of discretion. * * * There is therefore nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court even if the parties are proper and jurisdictional amount present. The distinction between jurisdiction over the case and the propriety of exercising that jurisdiction must be borne in mind. The court should exer-

The Declaratory Judgment Act[6] is designed to provide a remedy in a case or controversy,[7] while there is still opportunity for peaceable judicial settlement "before blood has been drawn and tempers irretrievably lost." [8] It is not its purpose to extend jurisdiction over an area not already covered or expressly forbidden.[9] To uphold appellants' contentions here would result in an evasion of the express limitation of the Tucker Act and create a conflict of jurisdictions which was not contemplated or intended by the Declaratory Judgment Act.[10]

Appellants rely particularly upon the decision of this court in Meyer v. Morgenthau,[11] which was consolidated for hearing with Callahan v. United States. There we held that Callahan's suit was properly dismissed, upon motion of the United States, because the District Court lacked jurisdiction of a suit by an officer to recover compensation for official services; and we said, as appellants point out, that a declaratory judgment might be rendered in the Meyer case. But lack of jurisdiction on the ground now urged by appellee was not considered by us in that case and we decided the question of jurisdiction only with reference to the claim that the Secretary's discretion was not open to attack. We noted, also, in the Meyer-Callahan cases that Callahan named the United States as sole defendant, while Meyer did not name the United States as a party. This, however, is an immaterial distinction. The Tucker Act withholds, from the District Court, jurisdiction of cases brought to recover compensation for official services of officers of the United States, whoever may be named as parties defendant.[12] Consequently, it now appears to us that Meyer's complaint in the earlier case and appellants' complaint in the present case are equally defective. Since, as now appears clear, the District Court had no jurisdiction of the subject matter of the suit, it follows that it was properly dismissed.

Affirmed.

cise its jurisdiction where it will serve a useful social purpose, and especially where it will terminate the controversy or settle the uncertainty giving rise thereto."

[6] 28 U.S.C.A. § 400.

[7] Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 239, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; see Nashville C. & St. L. Ry. v. Wallace, 288 U.S. 249, 259, 53 S.Ct. 345, 77 L. Ed. 730, 87 L.Ed. 1191.

[8] United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 293, quoting 22 Iowa L.Rev. 762, 763; Borchard, Declaratory Judgments (2d ed. 1941) p. 316.

[9] Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Putnam v. Ickes, 64 App.D.C. 339, 342, 78 F.2d 223, 226; Borchard,

Declaratory Judgments (2d ed. 1941) pp. 247–248; Love v. United States, 8 Cir., 108 F.2d 43; see United States v. West Virginia, 295 U.S. 463, 475, 55 S. Ct. 789, 79 L.Ed. 1546.

[10] Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 618; see United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 294.

[11] Callahan v. United States (Meyer v. Morgenthau), 74 App.D.C. 281, 122 F. 2d 216.

[12] Tucker Act of March 3, 1887, c. 359, 24 Stat. 505, as amended, 28 U.S. C.A. § 41(20). Cf. Louisiana v. McAdoo, 234 U.S. 627, 629, 34 S.Ct. 938, 58 L.Ed. 1506; Haskins Bros. & Co. v. Morgenthau, 66 App.D.C. 178, 181, 85 F.2d 677, 680; Cummings v. Hardee, 70 App.D.C. 18, 21, 102 F.2d 622, 625.