286

**SISKIND v. MORGENTHAU, Secretary of the Treasury.**

No. 9018.

United States Court of Appeals
District of Columbia.

Submitted Oct. 15, 1945.

Decided Nov. 13, 1945.

Mr. H. Henry Siskind, appellant, pro se.

Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher and Charles B. Murray, Assistant United States Attorneys, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and ALBERT LEE STEPHENS, Circuit Judge sitting by designation, and EDGERTON, Associate Justice.

PER CURIAM.

This is an appeal from an order of the District Court granting defendant's (appellee's) motion for summary judgment. The facts, as we are able to piece them together from an inadequate record, are as follows:

Appellant (plaintiff), a veteran of World War I, was employed for approximately thirteen years in the office of the United States Customs' Appraiser of Merchandise in New York City. On October 1, 1942, pursuant to action of the Treasury Department and the Civil Service Commission, he was placed in a retired status in accordance with amended § 6 of the Civil Service Retirement Act of May 29, 1930.[1] The reason for this appears to have been a medical examination showing "total disability." Appellant's uniform rating while in service was "Good," and his salary was $2300 per annum. Around March, 1943, appellant was reexamined and found eligible for reemployment, in consequence of which he requested reinstatement, but was informed by the Customs Service that no suitable position was then available. Appellant complains of this as a violation of Title 5, § 648, U.S.C.A. But whatever may be the truth of this, it is now water over the dam, for on April 15, 1944, the Commission again determined that plaintiff was totally disabled and ineligible for employment, and he has so remained ever since. But appellant says that on September 13, 1944, he was given a medical examination by the Commission and found in excellent health. Appellant, who appears in proper person, is not a lawyer, and much of what we have said is taken out of its context in an effort to reach an intelligible account of the controversy. Appellant now asks that he be reinstated in the Civil Service

---

[1] 46 Stat. 472, 5 U.S.C.A. §§ 710, 711.

and that he be paid his salary of $2300 per annum from October 1, 1942 (when he was first found to be totally incapacitated), to the present time.

██ ██ We have said before in similar circumstances that the United States not consenting to be sued, the District Court in a proceeding of this nature is without jurisdiction to award judgment for back pay. Borak v. Biddle, 78 U.S.App.D.C. 374, 377, 141 F.2d 278, 281, certiorari denied 323 U.S. 738, 65 S.Ct. 42. And we think that the District Court and we, without regard to what the fact may be as to his present health, are under the same infirmity in relation to appellant's prayer to be reinstated in Government service. In any case, we have no jurisdiction to issue a writ in the nature of mandamus, which may result in interfering with the internal management of executive departments of the Government. Keim v. United States, 177 U.S. 290, 294, 20 S.Ct. 574, 44 L.Ed. 774; Decatur v. Paulding, 14 Pet. 497, 516, 39 U.S. 497, 10 L.Ed. 559; and Perkins v. Lukens Steel Co., 310 U.S. 113, 131, 132, 60 S.Ct. 869, 84 L.Ed. 1108.

██ If it is true, as appellant insists, that he is now restored to health, it follows that, under the statutes, he is entitled to reinstatement, if a suitable position is available, taking into account the preference accorded veterans of World War I. But a finding to that effect cannot be made on the present record.

Affirmed without costs.