### BRISBOIS v. HAGUE.

Civ. A. No. 7974.

United States District Court
D. Massachusetts.

June 27, 1949.

John Allen Murphy, Salem, Mass., for plaintiff.

H. G. Morison, Asst. Atty. Gen., George F. Garrity, United States Attorney, Boston, Mass., Harry Bergson, Jr., Asst. U. S. Attorney, Boston, Mass. (Edward H. Hickey, Sp. Asst. to the Atty. Gen., Eugene T. Maher, Attorney, Department of Justice, Washington, D. C., of counsel), for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks a judgment for back pay due him, for a retroactive reinstatement order of employment, and a judgment declaring his right not to be demoted from his present position.

## Findings of Fact

The plaintiff, an employee of the Boston Naval Shipyard since 1940, was promoted to a supervisory position of leadingman machinist. On September 22, 1947, he was demoted to the rank of a plain machinist in the course of a shop reorganization. This demotion affected his annual salary in an amount of between $600.00 and $650.00. On July 12, 1948, less than a year after the demotion, he was again promoted to leadingman machinist at a salary of about $150.00 per annum more than he had been earning prior to his demotion. This Court has no jurisdiction of the case unless it can be determined that there is at least $3,000 in controversy. It was decided in Wettre et al. v. Hague et al., D.C., 81 F.Supp. 590, that a person in the situation of this veteran cannot turn to the District Courts to enforce the rights under the Act of August 23, 1912, c. 350, sec. 4, 37 Stat. 360, 413, 5 U.S.C.A. § 648, or under the Veterans' Preference Act, 5 U.S.C.A. § 863. While these statutes prevent the demotion of a veteran under certain circumstances, the statutes do not give this Court original jurisdiction to enforce them.

A sound basis for this Court's jurisdiction cannot be found in the Administrative Procedure Act, 5 U.S.C.A. § 1009, the Declaratory Judgments Act, 28 U.S.C.A. § 2201, and the Tucker Act, 28 U.S.C.A. § 1346. Olin Industries, Inc., v. National Labor Relations Board, D.C., 72 F. Supp. 225, 228, decided in this Circuit, is authority for the proposition that the Administrative Procedure Act "is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act [29 U.S.C.A. § 151 et seq.]:" Nor does the Declaratory Judgments Act extend the jurisdiction of this Court beyond its usual limitations. Massachusetts Protective Ass'n, Inc., v. Kittles, 5 Cir., 1924, 2 F.2d 211; Love v. United States, 8 Cir., 1939, 108 F. 2d 43; Di Benedetto v. Morgenthau, 1945, 80 U.S.App.D.C. 34, 148 F.2d 223.

The Tucker Act is not sound basis for jurisdiction since this is the type of action which is not a suit against the United States in the sense of a contracting party. The plaintiff does not seek to enforce a contract which exists; he seeks an interpretation of his contract based upon statutes which are merely declaratory of rights.

This brings us to the exact question whether or not there is $3,000 in issue. This must be decided in the negative. The actual loss in cash that this man suffered was approximately $510.00. The value of his seniority rights, if any were affected, his prestige with his fellow employees, and his peace of mind are so inchoate and uncertain as to be improper to support a finding that the amount in controversy is in excess of $3,000. This is also true of the value of plaintiff's pension rights, which he says is affected by the loss of salary and of step raises during his period of demotion, because for these rights to have any value plaintiff must survive for a period of from twelve to eighteen years following this adjudication, continue employed by the United States, retain eligibility for his pension, and actually retire. There is no present market value of any substance for these uncertain rights and damages. The value of the right which plaintiff asserts is violated is the proper criterion by which to determine the amount in controversy. Dobie, Jurisdictional Amount in the United States District Court, 51 Harv.L.Rev. 733 (1925). Plaintiff in this case cannot allege a right solely to back pay because the amount involved is insufficient to give this Court jurisdiction. He cannot assert a right to employment as leadingman, because his re-promotion makes such a controversy moot. He therefore asserts a right only to eligibility for a pension at a given rate. But in contradistinction to such cases as Thompson v. Thompson, (1912) 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, and Brotherhood of Locomotive Firemen etc. v. Pinkston, (1934) 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219, his right to this pension has not yet matured, and cannot be matured by this Court's action.

Conclusions of Law

From the foregoing I conclude and rule that this Court has no jurisdiction of the instant case because there is lacking the jurisdictional amount of $3,000.

The action is therefore dismissed.