**ALMOUR v. PACE, Secretary of the Army.**

No. 10295.

United States Court of Appeals
District of Columbia Circuit.

Argued May 29, 1951.

Decided Nov. 23, 1951.

Abraham Kaufman, of the Bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom F. Cleveland Hedrick, Jr., Washington, D. C., was on the brief, for appellant.

Joseph A. Lowther, Atty., Department of Justice, Washington, D. C., with whom Asst. Atty. Gen. H. G. Morison, George Morris Fay, U. S. Atty. at the time the brief was filed, and Thomas E. Walsh, Atty., Department of Justice, Washington, D. C., were on the brief, for appellee. Charles M. Irelan, appointed U. S. Atty. subsequent to the argument in this case, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This appeal arises from the dismissal of a suit brought by a former Army officer to obtain retirement with pay, and involves the question whether the suit abates upon the officer's death.

In his complaint, brought in the United States District Court for the District of Columbia, Captain Henry I. Almour al-

leged that he was injured in military service on February 21, 1943. He further alleged that between July 17, 1945, and September 11, 1947, he appeared twice before each of three different Army Retiring Boards, each of which found that he was permanently incapacitated for military service, that his disability was a result of an incident of military service, and that he should be retired. On each occasion, the Adjutant General and Surgeon General, acting for the Secretary of War (Army), refused to concur in the finding that his total incapacity was service incurred. Almour was discharged, without retirement pay, on September 28, 1945. Finally, in February 1948 he went before an Army Disability Review Board established pursuant to the Act of June 22, 1944, 58 Stat. 287, 38 U.S.C.A. § 693i. This Board reversed the finding of the Retiring Boards that Almour's disability resulted from an incident of service, and hence determined that he was not entitled to retirement.

The complaint, filed May 10, 1948, asked the court to set aside the action of the predecessor of defendant-appellee as Secretary of the Army and his subordinates in denying retirement with pay, and to issue an order requiring Almour's retirement as of September 28, 1945, as an officer permanently incapacitated by a service incurred injury. The complaint alleged that the action complained of was arbitrary and capricious; that the finding on which it was based was unsupported by substantial evidence; and that there were procedural errors.[1] Right to relief was claimed under section 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009. Defendant-appellee moved to dismiss on the grounds (1) that this was a suit against the United States to which it had not consented and jurisdiction of which was not granted by the Administrative Procedure Act, and (2) that the complaint failed to state a claim on which relief could be granted. The District Court granted the motion and entered an order dismissing the cause for want of jurisdiction.

The plaintiff perfected an appeal to this court from that order, briefs were filed, and the case was docketed for argument on January 17, 1950. On the morning of that day, Captain Almour died, and argument was postponed. Subsequently, his personal representative was permitted to come in and move for substitution, additional memoranda were filed, and the appeal is presently being prosecuted by Naomi Almour as administratrix of Captain Almour's estate. Argument was heard on May 29, 1951.

We are thus confronted at the outset with the problem whether Captain Almour's death affects the maintenance of this suit. The main prayer of the complaint is for an order in the nature of mandamus to compel appellee to accomplish Almour's retirement. Prior to the promulgation of Rule 25(d), abatement of mandamus actions was the rule where the defendant official died or resigned from office. United States v. Boutwell, 1873, 84 U.S. 604, 17 Wall. 604, 21 L.Ed. 721; Seymour v. Nelson, 1897, 11 App.D.C. 58. But this was because the remedy—an order acting personally upon the defendant to require certain official action on his part —would be utterly ineffective after his decease or his relinquishment of the power of office.[2] The rule is by no means so uniform where it is the relator who dies. Certainly there is abatement where the

---

1. See footnote 9, infra.

2. Whether or not an action abates on the death of either party depends on its substantive nature, Schreiber v. Sharpless, 1884, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65, a general distinction being drawn between suits based on claims personal to the plaintiff, such as actions for injury sounding in tort, and those seeking vindication of some right of property or contract. In the absence of a controlling statute, personal claims abate, on the theory that the rights and duties die with the person, while actions concerning property survive since they affect the estate of the deceased. Compare Iron Gate Bank v. Brady, 1902, 184 U.S. 665, 22 S.Ct. 529, 46 L.Ed. 739, with Patton v. Brady, 1902, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713. The problem created by the death or separation of a public official is now covered by Rule 25 (d), F.R.Civ.Proc. 28 U.S.C.A.

only objective of the suit is to obtain some political office or to secure a license, Booze v. Humbird, 1867, 27 Md. 1; Hannon v. Harper, 1908, 9 Cal.App. 260, 98 P. 685, but again this is because, once the relator is dead, there is nothing to be accomplished by issuance of the writ. Thus, there is authority for the proposition that where a money judgment is sought in addition to mandamus, the monetary claim will survive although the mandatory branch of the action abates.[3] The principle underlying the cases is closely akin to that of mootness: the action abates to the extent that effective relief has become impossible or a decision academic by reason of death. Cf. Russell v. Secretary of the Commonwealth, 1939, 304 Mass. 181, 23 N.E.2d 408.

■ ■ Applying this test to the case before us, it is clear that the only practical measure of relief that Mrs. Almour could now obtain from any court must relate to retired pay accruing for the period from September 28, 1945, to January 17, 1950.[4] But, under the Tucker Act, the Court of Claims has exclusive jurisdiction of suits by officers of the United States "to recover fees, salary, or compensation for official services"—and this includes retired pay. 28 U.S.C.A. §§ 1346(d), 1501; Randolph v. United States, D.C.S.D.Tex., 69 F.Supp. 156, affirmed, 5 Cir., 158 F.2d 787, certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed.

1286. The lack of jurisdiction in the district courts in this regard cannot be cured by resort to the Declaratory Judgment or Administrative Procedure Acts. DiBenedetto v. Morgenthau, 80 U.S.App. D.C. 34, 148 F.2d 223; Marshall v. Crotty, 1 Cir., 185 F.2d 622; Brisbois v. Hague, D.C.Mass., 85 F.Supp. 13.[5]

There are, of course, situations in which the District Court can properly declare individual rights even though the plaintiff also possesses and is seeking to advance a monetary claim against the United States or one of its agencies. See Borak v. Biddle, 78 U.S.App.D.C. 374, 141 F.2d 278, certiorari denied 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591; Farley v. United States, 67 App.D.C. 382, 92 F.2d 533; and see Norden v. Royall, D.C.D.C., 90 F.Supp. 834.[6] But in each of these cases the plaintiff had requested an order which would affect his status or establish his rights *as to the future* vis-a-vis some governmental agency. This is a type of relief which the Court of Claims, having jurisdiction to grant only money judgments against the United States, is without power to give. Thus in the cases cited the maintenance of suit in the District Court, to protect status and adjudicate rights, was no doubt justified, even though back pay was not and could not have been granted by that court.[7] That is not the situation

---

3. Levitch v. Board of Education, 1926, 216 App.Div. 391, 215 N.Y.S. 309, reversed on other grounds, 243 N.Y. 373, 153 N.E. 495; cf. People ex rel. Fairchild v. Commissioners, 1887, 105 N.Y. 674, 12 N.E. 179 (certiorari).

4. We do not here decide, of course, whether she is entitled to these funds; we simply point out that to obtain them would be the maximum relief now possible.

5. The Administrative Procedure Act, in section 10, provides for judicial review by appropriate remedial form in "any court of competent jurisdiction," and can therefore hardly be argued to extend the jurisdiction of any court to cases not otherwise within its competence. 5 U.S. C.A. § 1009.

6. Following the Borak case, two Court of Claims judgments were in fact obtained on the basis of the decision of this

court. Borak v. United States, 78 F. Supp. 123, 110 Ct.Cl. 236, certiorari denied 335 U.S. 821, 69 S.Ct. 43, 93 L.Ed. 375; Kaufman v. United States, 93 F. Supp. 1019, 118 Ct.Cl. 91. See also Lezin v. United States, Ct.Cl., 98 F. Supp. 574, and Mendez v. United States, 96 F.Supp. 326, 119 Ct.Cl. 345, where salary was recovered by employees for the period of wrongful dismissal where procedural requirements were ignored. Compare Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997, where we ordered a new hearing for a discharged civil service employee on the ground that her procedural rights had been violated.

7. Whether Captain Almour could have maintained such a suit in his lifetime, and, if so, what the scope of judicial review would have been, are questions we need not here decide. See Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256; Denby v. Berry, 263 U.S.

here. What remains for decision in this case is in essence a claim for retirement pay for a fixed past period—a claim over which the Court of Claims has exclusive jurisdiction, insofar as any court can now deal with it.[8]

█ We do not wish to close the door on any substantial avenue of relief which the continued maintenance of this action would make available to Captain Almour's estate. But we do not find any such avenue, and we do not feel that we should strain to elevate some insubstantial or ancillary aspect of the action,[9] arguably within the powers of the District Court, into a basis for prolonging a litigation which now appropriately belongs else-

where.[10] In such a situation a duplication of judicial action would be wasteful and unwise even assuming it to be possible; there would be "good reason for the District Court to decline to act even though it had jurisdiction." DiBenedetto v. Morgenthau, 80 U.S.App.D.C. 34, 148 F.2d 223, 224; see also Siskind v. Morgenthau, 80 U.S.App.D.C. 249, 152 F.2d 286; Marshall v. Crotty, 1 Cir., 185 F.2d 622, 628.

These considerations require us to hold that the action here has abated. Under the circumstances, we do not reach the remaining contentions of the parties.

The judgment of the District Court will accordingly be

Affirmed.

29, 44 S.Ct. 74, 68 L.Ed. 148; Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852; U. S. ex rel. French v. Weeks, 259 U.S. 326, 42 S.Ct. 505, 66 L.Ed. 965; Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225; Morgan v. United States, 5 Cir., 115 F.2d 426; cf. Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; cases cited infra, note 8.

8. See Lemly v. United States, 75 F.Supp. 248, 109 Ct.Cl. 760; White v. United States, Ct.Cl., 97 F.Supp. 698; Kimberly v. United States, 97 F.Supp. 710, 119 Ct.Cl. 805; Hamrick v. United States, Ct.Cl., 96 F.Supp. 940; Moreno v. United States, 93 F.Supp. 607, 118 Ct.Cl. 30, certiorari denied 72 S.Ct. 29. We make no prediction, of course, as to the action which the Court of Claims might take if the present case were brought before it. Cf. cases and statutes cited infra, note 10.

9. The complaint here included an allegation that procedural errors had been committed by the Department of the Army, in that certain technical requirements of section 8 of the Administrative Procedure Act, 5 U.S.C.A. § 1007, had been ignored. But we do not reach these contentions. For in any view of their merit, the possibility of relief in relation to them is too remote and insubstantial to amount to a sufficient basis for retention of jurisdiction by the District Court, now that the death of the plaintiff has narrowed the case to a monetary claim solely cognizable in the Court of Claims.

10. Even were we to resolve all doubtful questions in appellant's favor and assume that mandamus could have been success-

fully maintained by Captain Almour in his lifetime (cf. cases cited note 7, supra), we could not permit continuation of the action to produce a court order directly or indirectly commanding the payment of past-due retirement benefits, in view of the District Court's lack of jurisdiction over that subject matter. Similarly, an order vacating the Secretary's order denying retirement would be merely negative—it could not take the place of an affirmative determination that Captain Almour was entitled to retirement at a particular time or at a particular rate of pay. That determination, now that it involves nothing more than a claim for back pay, is within the exclusive jurisdiction of the Court of Claims, assuming it to be within the province of any court. See R.S. § 1251, 10 U.S.C.A. § 933; 58 Stat. 287, 38 U.S.C.A. § 693i; Greenwald v. United States, 88 Ct.Cl. 264; Marsh v. United States, 96 Ct.Cl. 131; Scratchley v. United States, 96 Ct. Cl. 352; 27 Dec.Comp.Gen. 186, 191; 25 Dec.Comp.Gen. 663. See also Chicago & Southern Air Lines, Inc. v. Waterman S. S. Corp., 333 U.S. 103, 68 S. Ct. 431, 92 L.Ed. 568.

It is to be noted, also, that during the pendency of this appeal Congress granted broad authority to the military departments to pay claims, established pursuant to the provisions of the legislation, "for losses of pay (including retired or retirement pay) * * *" Act of October 25, 1951, Public Law 220, 82nd Congress, 1st Sess., 65 Stat. 655, 5 U.S.C.A. §§ 191a, 275. This may now be appellant's primary recourse. Compare Bolger v. Marshall, 89 U.S.App.D.C. ——, 193 F.2d 37.