**Petition for NATURALIZATION of Frank Max BRUCE.**

United States District Court
S. D. New York.
June 30, 1958.

Weil, Gotshal & Manges, New York City, for petitioner.

David N. Ilchert, for Immigration and Naturalization Service.

EDELSTEIN, District Judge.

This is a petition for naturalization by a Swiss national who had requested and received exemption from military service on the ground of alienage, under Section 3(a) of the Selective Training and Service Act of 1940, as amended.* Petitioner had registered under the Selective Service Act but made his request for exemption from service on DSS Form 301, which he signed on October 29, 1942. He asserts that he signed the form on the advice of a representative of the Swiss Consulate in New York to the effect that he would not thereby forfeit his eligibility to become an American citizen. The question presented is whether the petitioner is ineligible for citizenship by reason of the provisions of Section 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1426(a), 8 U.S.C.A. § 1426(a), which permanently debars from citizenship an alien who has requested and received exemption from military service.

Petitioner cites Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L. Ed. 729, as indistinguishable from his case. There the petitioner, also a Swiss national, had asserted a right to exemption without debarment from citizenship and turned for advice and guidance

* Now 50 U.S.C.Appendix, § 454(a), 50 U.S.C.A.Appendix, § 454(a).

to the Swiss Legation, "the highest authority to which he could turn." 341 U.S. at page 46, 71 S.Ct. at page 556. The Legation undertook negotiations with the State Department involving provisions of a treaty between the United States and Switzerland, 11 Stat. 587, and apparently the State Department acquiesced in the alien's claim of a right to unconditional exemption. The Swiss Legation then wrote him advising him to execute DSS Form 301, revised, and telling him that in filing this form he would not waive his "right to apply" for American citizenship. The unrevised form contained, above the signature line, the statement in reference to the proviso of § 3(a) of the Selective Training and Service Act: "I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States." But the revised form, which that petitioner signed on the advice of his Legation, omitted the quoted waiver, stating: "I hereby apply for relief from liability for training and service in the land and naval forces of the United States." A footnote of the revised form quoted pertinent parts of § 3(a). The Supreme Court said that in these circumstances it was not made clear to the petitioner that the claim of exemption would result in disqualification for citizenship. There was a finding that if such a result had been made clear he would not have claimed exemption. Accordingly, it was held that he did not knowingly and intentionally waive his rights to citizenship by signing the revised form.

The petitioner here argues that it can make no difference that he signed the original form rather that the revised form (which was not even available at the time) because the legal purpose and effect of the two are the same. But it does make a difference on the question of whether or not the petitioner was misled and prevented from making an intelligent choice knowingly and intentionally. In Machado v. McGrath, 90 U.S.App.D.C. 70, 193 F.2d 706, certiorari denied 342 U.S. 948, 72 S.Ct. 557, 96 L.Ed. 705, the petitioner alleged that he was unable to read and write the English language and signed the unrevised form on the advice of a clerk of his local draft board. In Matter of Planas, D.C., 152 F.Supp. 456, the petitioner signed this form upon the assurance of his draft board that it made no difference. There is nothing in this case to indicate that the petitioner was misled by the tenor of the language of the waiver, which made the consequences of signing the form inescapably clear. In the face of this language, he did not seek information and guidance from the highest authority to which he could turn, but accepted the advice of a consular official. Moreover, it does not appear that he ever made any claim to a right of unconditional exemption. He signed with regret, but without expressing any objection to the provisions debarring him from citizenship. The only indication to the contrary is his present protestation.

The signing of a form containing the express waiver on the advice of a consular representative, without an asserted claim of unconditional exemption, is to be contrasted with the signing, in the Moser case, of a revised form, omitting the express waiver, that was the product of negotiations between the Swiss Legation and the State Department on a claim of unconditional exemption, with an apparent acquiescence by the latter. I cannot find that the circumstances here disclose anything less than an intelligent waiver by the petitioner of his rights to citizenship.

The petition will be denied.