Andrew L. W. GORDON, Appellant,

v.

David M. SHOUP, Commandant of the Marine Corps, Appellee.

No. 17163.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 9, 1963.

Decided March 21, 1963.

---

**684**

Mr. Joseph B. Friedman, Washington, D. C., with whom Mr. Julius Schlezinger, Washington, D. C., was on the brief, for appellant.

Mr. Howard E. Shapiro, Atty., Dept. of Justice, for appellee. Acting Asst. Atty. Gen. Joseph D. Guilfoyle and Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.

BAZELON, Chief Judge.

This suit is the latest phase of a long controversy over retirement pay for our appellant Gordon, a Marine officer who retired in 1943.

In 1956 the Court of Claims allowed him recovery of a retroactive increase in retirement pay for the period 1949–56, but held that the six-year statute of limitations on claims within the jurisdiction of the Court of Claims [1] barred recovery for the period 1943–49.[2] The General Accounting Office thereupon paid the in-

crease for the period 1944–49, holding that recovery for the period 1943–44 was barred by the ten-year statute of limitations on claims against the United States cognizable by the General Accounting Office.[3] Thereafter, the Board for Correction of Naval Records granted his request to correct his record to show that he was entitled to $809.93 for the latter period. That amount was paid to appellant in January 1959. Subsequently, however, the Court of Claims and the Comptroller General rendered opinions which the Navy Department interpreted to the effect that a decision of the Corrections Board could not operate to supersede statutes of limitation. Accordingly, appellant was notified in March 1961 that the $809.93 payment was erroneous. To recover this amount, monthly installments of $75.00 were withheld from appellant's retirement pay.[4]

Appellant instituted the present suit in November 1961, alleging that the decision of the Corrections Board pursuant to 10 U.S.C. § 1552 "is final and conclusive on all officers of the United States."[5] In March 1962, while this suit was pending in the District Court and when the monthly installments withheld totaled $750.00, further withholding of the final installment of $59.93 was suspended pending final disposition. Thereafter, the District Court granted appellee's motion to dismiss which alleged that (1) since the United States is an indispensable party, there is lack of jurisdiction over all indispensable parties; and (2) this is an action by a Government officer for compensation for official services, over which the District Court is expressly denied jurisdiction by 28 U.S.C. § 1346 (d). Since we think the judgment below may be sustained on the second ground, it is unnecessary to consider the first.

1. 28 U.S.C. § 2501.

2. Gordon v. United States, 140 F.Supp. 263, 134 Ct.Cl. 840 (1956).

3. 31 U.S.C. § 71a; appellant had filed his claim with the General Accounting Office in 1954, prior to seeking relief in the Court of Claims, but at that time the

General Accounting Office refused to grant relief.

4. Deductions from current pay of a Marine officer to recover erroneous payments are authorized by 5 U.S.C. § 46d.

5. 10 U.S.C. § 1552(a).

The Tucker Act[6] contains the basic waiver of sovereign immunity to contract actions against the United States. Jurisdiction over actions authorized by the Act is vested in the Court of Claims, with concurrent jurisdiction in the district courts over claims not exceeding $10,000 in amount. However, 28 U.S.C. § 1346 (d) specifically excludes from the jurisdiction of the district courts

"(1) Any civil action or claim for a pension;

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

■■ Appellant urges that this exclusion is inapplicable because he is not seeking recovery of back retirement pay but rather a declaration that appellee acted beyond the scope of statutory authority in withholding the $750.00 from retirement pay, and an injunction against withholding the $59.93 in the future. Clearly, § 1346(d) bars the District Court from entertaining any claim for the recovery of the $750.00 already withheld. Nor is the bar removed by clothing the claim in a complaint for declaratory relief. DiBenedetto v. Morgenthau, 80 U.S. App.D.C. 34, 148 F.2d 223 (1945); Almour v. Pace, 90 U.S.App.D.C. 63, 193 F.2d 699 (1951). The District Court may declare individual rights of a suitor who also possesses a monetary claim cognizable solely in the Court of Claims only if such declaration "would affect his status or establish his rights *as to the future* vis-a-vis some governmental agency." Almour v. Pace, supra. Any declaration of rights concerning the $750.00 in question would not have such effect since it involves "retirement pay for a fixed past period—a claim over which the Court of Claims has exclusive jurisdiction * * *." Ibid.

■ The question remaining is whether the appellant's request for relief from the threatened withholding of $59.93 in the future is a sufficient basis for District Court jurisdiction. This request is ancillary to the main objective of recovering $750.00, and as to which the Court of Claims has full power to decide all the questions of statutory authority urged by appellant in this suit. Moreover, it may be fairly argued that the amount of the threatened withholding borders on de minimis. Hurley v. Shanley, 61 App.D.C. 237, 60 F.2d 335 (1932). In similar circumstances we have previously held that the District Court has discretion to decline the exercise of whatever jurisdiction is arguably open to it. Di Benedetto v. Morgenthau, supra; Almour v. Pace, supra. We find no abuse of that discretion in the present case.

Affirmed.

6. Act of March 3, 1887, c. 359, 24 Stat. 505 (now 28 U.S.C. §§ 1346(a) (2), 1402(a), 1491, 1501).