# MACFARLAND v. UNITED STATES EX REL. RUSSELL.

### METROPOLITAN POLICE FORCE; MANDAMUS.

Under the act of Congress of June 8, 1906 (34 Stat. at L. 221, chap. 3056), amending the act of February 28, 1901 (31 Stat. at L. 819, chap. 623), and classifying officers and members of the metropolitan police force of this District according to their length of service under their original appointments, a member of the force who had received his original appointment prior thereto as a private, and who was therefore included in class 1 of the act, became entitled, after the expiration of three years of service, with a good record, to be enrolled in class 2, although during his period of service his duties were from time to time changed by the District commissioners and on one occasion his pay reduced; and mandamus will lie to compel the commissioners of the District to so enroll him.

No. 1858.   Submitted April 7, 1908.   Decided May 5, 1908.

HEARING on an appeal by the respondents, the Commissioners of the District of Columbia, from a judgment of the Supreme Court of the District of Columbia, directing the writ of mandamus to issue against them.                     *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellants.

*Mr. Wilton J. Lambert, Mr. Edward McLean,* and *Mr. Rudolph H. Yeatman* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an appeal from a judgment of the supreme court of the District directing a writ of mandamus to issue to the appellants, Henry B. F. Macfarland, Henry L. West, and Jay J. Morrow, commissioners of the District of Columbia, compelling them to enter and enroll the relator, Howard C. Russell, in class 2 of the metropolitan police force as of the date of July 1, 1906.

The petitioner alleged his appointment as a private in said police force, January 6, 1902, his promotion to the place of desk sergeant on July 13, 1904, his retransfer to the rank of private in class 1 on December 1, 1904, and his promotion to place of bicycle officer on July 1, 1905. He claimed that, under the provisions of the act approved June 8, 1906, having served for more than three years as a member of the police force, and maintained a good record in said service, he became entitled to be enrolled in class 2. His application was denied.

The return admits the original appointment as alleged, but avers that the transfer of the petitioner to the position of desk sergeant on July 13, 1904, was a reduction in rank and salary at his own request because of his then physical disability; and that he was again appointed a private in class 1 on November 26, 1904. The answer further alleges that each change of petitioner's position was by a new order of appointment, and was a new appointment, and that he had not been in the service under his latest appointment for the three years required by the act of June 8, 1906, to entitle him to be advanced to class 2. The answer admits the qualification of the petitioner, and bases the action upon the construction of the act.

The metropolitan police force was created by an act approved August 6, 1861, and its numbers have been increased by later legislation from time to time. The first division into classes 1 and 2 of privates was made by the act of March 3, 1879. The act of January 1, 1883, required promotions to positions of captain, lieutenant, and sergeant to be made from the next suc-

ceeding rank. The act of 1879 provided that all original appointments of privates shall be made according to such regulations, and after such physical and mental examinations as the commissioners shall prescribe. The commissioners were empowered to prescribe the duties of all members of the force.

The act of February 28, 1901, declared that the force should consist of a major and a superintendent, one captain and assistant superintendent, and such captains, lieutenants, sergeants, privates of class 2, privates of class 1, desk sergeants, and others as Congress may from time to time prescribe. This act was in force when petitioner received his original appointment as a private in class 1. The act under which petitioner claims the right of enrolment in class 2, is one amending the act of February 28, 1901. This was approved June 8, 1906, and the pertinent parts of the same are the following:

"Paragraph 1. The metropolitan police district of the District of Columbia shall be coextensive with the District of Columbia, and shall be subdivided into such police districts and precincts as the commissioners of said District may from time to time direct.

"Paragraph 2. The commissioners of said District shall appoint to office, assign to such duty or duties as they may prescribe, and promote, all officers and members of said metropolitan police force according to such rules and regulations as said commissioners, in their exclusive jurisdiction and judgment, may from time to time make, alter, or amend: Provided, that original appointments of privates on said police force at the time this act takes effect shall be classified as follows: Class 1: Privates who have served under their present appointments less than three years shall be included in class 1, and, at the expiration of three years from the date of said appointment, shall be promoted to class 2, if the conduct and intelligent attention to duty of such privates shall justify such promotion. Class 2: Privates who have served under their present appointments more than three years and less than five years shall be included in class 2, and, after the expiration of five years from the date of said appointment, shall be promoted to class 3, if the

conduct and intelligent attention to duty of such privates shall justify such promotion. Class 3: Privates who have served under their present appointment more than five years shall be included in class 3. All original appointments of privates shall be made to class 1, and promotions shall be made from class 1 to class 2 in order of appointment to the force after three years' service as privates of class 1, and from class 2 to class 3 after five years' service as privates of class 2, in all cases where the conduct and intelligent attention to duty of any private shall justify such promotion.

"Paragraph 6. The members of the said police force now designated as desk sergeants shall cease to be known as such, and shall become privates of class 2 from and after the date this act is to take effect."

Had the petitioner remained in the position of desk sergeant until the passage of this act, he would have become a member of class 2 by virtue of paragraph 6.

Having been transferred from that position back to the one of private in class 1, the question is whether petitioner's three years' service shall date from the time of his original appointment as a private in class 1, or from that of his last transfer or appointment, namely, December 4, 1904.

The first order, made July 13, 1904, reads that petitioner is hereby reduced, at his own request, to the position of desk sergeant. The pay of desk sergeant was less than that of a private in class 1, by $60 per year. The second order, made November 26, 1904, reads that petitioner, "a desk sergeant in the metropolitan police department, is hereby appointed a private of class 1 in said department *vice* Wright, removed and pensioned."

The contention on behalf of the appellants is that this is the "present appointment" of the petitioner under the act of 1906, and that his service of three years to entitle him to promotion must date therefrom.

As privates in all the classes, as well as desk sergeants, were members of the metropolitan police force, we think that the change of duties, which the commissioners were authorized to

make, cannot be regarded as new appointments, notwithstanding the form of their several orders. The first assignment changing the duties of the petitioner made a reduction in his salary merely. The next order appointing him as a private of class 1 was in fact a reassignment, returning him to the duties first performed. No examination was required in these changes, as must be had in the case of all original appointments to the force. The first transfer was in fact nothing more than a reduction in the rank of the petitioner, if the difference in salary is to be regarded as establishing a rank, and the second was a restoration of, or a promotion to, the former rank of one who held these several places on the force by virtue of his original appointment as a member thereof. We concur in the views expressed in the following extract from the opinion of Mr. Justice Anderson who heard the case in the court below: "Congress intended by the act to awaken ambition in the ranks of the metropolitan police force, and thereby better the general service, by providing for advancements,—stagnation in the ranks being regarded as detrimental to the service. The scheme of advancement provided to effectuate this end was simply that, in all cases where the conduct and intelligent attention to duty of any private shall justify, he shall, after three years' service as such private, be promoted to class 2 (class 1 being the primary class), and that additional service for the specified time should entitle him to be promoted to class 3, and the act provided for a classification of the members of the metropolitan police force then serving according to their length of service under their original appointments, provided the same were also their present appointments. Congress simply meant by this that no present member of the metropolitan police force, who had also been a member of the force previously, and *either dropped out, or had been dropped out of the force,* should have credit, in the making of the classification, for the period of his service in the force under a former and expired original appointment. Both the term 'original appointments' and the succeeding and qualifying term 'present appointments' were therefore used by Congress advisedly. Any other construction of the act would seem to be

unreasonable, and it is impossible to conceive of any other explanation for the use by Congress of both these terms 'original appointments' and 'present appointments.' If this is not the proper construction of the statute, and that contended for by the respondent is, then the very purpose of the statute could be easily defeated by simply shifting a policeman from one position to another. As is well argued by the petitioner, if Congress had intended the words 'present appointment' to refer to the time of the last promotion or transfer of a private in the artificial form of a new appointment, it certainly would not have provided for the classification of 'original appointments,' and, as already observed, there is no other reasonable explanation for the use of the two terms in the act than that the intention of Congress was that already stated by the court."

We think it unnecessary to add anything further in support of this interpretation of the act of June 8, 1906. The judgment will therefore be affirmed.                    *Affirmed.*