**BORAK v. BIDDLE, Atty. Gen.**

No. 8518.

United States Court of Appeals District of Columbia.

Argued Feb. 7, 1944.

Decided March 6, 1944.

Mr. Stanley H. Borak, of New York City, pro se, for appellant.

Mr. Alfred S. Berg, of the Bar of the Court of Appeals of the State of New York, pro hac vice, by special leave of court, with whom Messrs. Francis M. Shea, Assistant Attorney General, Edward M. Curran, United States Attorney, and Joseph A. Fanelli, Attorney, Department of Justice, both of Washington, D.C., and Arthur Magid, Attorney, Department of Justice, of Chicago, Ill., were on the brief, for appellee. Messrs. Charles B. Murray

and Bernard J. Long, Assistant United States Attorneys, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

This is an appeal from an order of the District Court granting defendant's (appellee's) motion for summary judgment. The facts are not in dispute and, stated' shortly, are as follows:

Appellant, a young man approximately twenty-eight years of age, and at the time an attorney at law in the active practice of his profession, took the competitive civil service examination for the position of Junior Legal Assistant in the Immigration and Naturalization Service of the Department of Justice. He passed the examination and after a further oral examination by officials of the Immigration Service was appointed by the Attorney General and began his service March 18, 1941. At the end of four months his work was appraised by one Throckmorton, Chief Examiner of the Service, in New York, and marked "Very Good" in nine of the seventeen subjects and "Good" in the remaining eight. His general rating was "Satisfactory." After a total service of nine and a half months his work was again appraised and marked "Fair" in ten subjects and "Good" in six. This time the conclusion of the same examining officer was stated in the term—"Unsatisfactory," and as a result appellant was on the 3rd day of January, 1942, notified of his summary dismissal "without prejudice." The notice of dismissal stated that the quality of his work was below the general standard and that he had displayed no aptitude.

Appellant protested to the District Director, to the Deputy Commissioner of Immigration and to the Attorney General and demanded a hearing, pursuant to Section 6 of the Act of August 24, 1912,[1] which declares—

"No person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing; and affidavits in support thereof; but no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal; * * *."

His demands were denied and the Attorney General, under date of July 14, 1942, in explanation of his refusal to authorize a statutory hearing, said:

"While the present procedure for handling cases such as yours is not entirely in line with administrative policies I should like to see followed in such matters, the fact remains that the act of dropping an employee at any time during the probationary period is not only permitted but in fact is encouraged by Civil Service Rules and Regulations, in case the supervisor reports that employee's services are not satisfactory. Therefore, in the absence of evidence that an erroneous report was made on the performance of your duties, there is no alternative to the conclusion that the action of terminating your services was justified."

Appellant thereupon brought this suit for a declaration that he was entitled to notice and hearing before dismissal and for a writ in the nature of a writ of mandamus to restore him to office and for a judgment for his accumulated salary.

The position taken by the Attorney General is that appellant was only a "probationary" employee when his dismissal occurred and that upon a finding by his superior officer that his service rating was unsatisfactory, a summary dismissal was proper and in accordance with the rules of the Civil Service. But appellant protests, and we think correctly, the premise on which this conclusion rests.

Considered in this aspect, the only question is—Was appellant a "probationary employee" when his dismissal occurred? If it is held that he was not and that his probationary appointment had, prior to his dismissal, ripened into an absolute appointment, it would seem perfectly clear that under the provisions of Section 6 of the Act of August 24, 1912, supra, he was entitled to have notice of the charges preferred against him, to have a copy thereof and to be allowed a reason-

_____

[1] 5 U.S.C.A. § 652.

able time to personally answer the same in writing and to support his answer by affidavits.

Admittedly, the applicable Civil Service rule at the time of appellant's appointment fixed six months of service as the probationary period.[2] The same rule authorizes the Commission, or the department concerned, by regulation to fix a longer period for any specified position, and the insistence here is, that on January 22, 1941, the Civil Service Commission made a Minute on its records, the result of which was to extend the probationary period applicable to appellant's job from six months to one year. The question then is whether this "Minute", without more, had the effect claimed. We think it had not. Section 7 of the Federal Register Act provides:

"No document required under section 305 (a) of this title to be published in the Federal Register shall be valid as against any person who has not had actual knowledge thereof until the duplicate originals or certified copies of the document shall have been filed with the Division and a copy made available for public inspection as provided in section 302 of this title; * * *. The publication in the Federal Register of any document shall create a rebuttable presumption * * * (b) that it was duly filed with the Division and made available for public inspection * * *."[3]

The regulation in question was required to be published. It was issued under the authority contained in Executive Order No. 8587.[4] *All* regulations issued under authority of that Order are declared to have *general applicability* and are required to be published in the Federal Register.[5] It is admitted by the Attorney General that the regulation which increased the probationary period applicable to naturalization examiners was never published in the Federal Register and that no certified copy of it was ever filed in the Division. In these circumstances the Attorney General must and does rely upon the Minute of the Commission to sustain his claim that the period was legally extended. Per-

haps this would be enough if it were shown that appellant had actual notice of the Minute, but it clearly appears from the bill and affidavits filed therewith that he had no notice, certainly at any time prior to his discharge, nor is this fact controverted by the Attorney General. Appellant's affidavit that he had no notice of any kind must therefore be taken as true. And, if he had no notice and if the Minute was never filed with the Division or published, it seems to us unanswerable that it is without validity so far as appellant's case is concerned. But in the brief the Attorney General suggests that appellant did have notice at some undetermined time *subsequent* to dismissal. Even that much does not appear, but if it did, we should think it of no consequence. For to construe Section 7 of the Federal Register Act in accordance with that view would be to destroy its effectiveness and defeat its fundamental purpose. If an Agency could withhold such regulation or conceal its terms and yet make it valid from the date of its adoption by informing a person about it at some subsequent time, when his legal rights had been invaded, the result would be to destroy the protection contemplated and intended by Congress and make the safeguards to permanency of employment wholly illusory, all of which brings us back to the conclusion that appellant's discharge without hearing was not in conformity with law.

■ But the Attorney General, conceding all of this *"arguendo"*, including *"arguendo"* that the applicable probationary period in this case was six months, yet insists that appellant was still a probationary employee when dismissed. The argument in support of this is that, by the terms of Civil Service Rule VII 2 (c), supra, an absolute appointment by continuation in service after the probationary period does not accrue in favor of the appointee except where at the end of the probationary period the probationer's service rating is satisfactory, and a certificate to that effect is filed within the department.[6]

---

[2] Rule VII 2 (c) of the Civil Service Commission, as amended by Executive Order No. 8587, November 7, 1940.

[3] 44 U.S.C.A. § 307.

[4] See Note 2, supra.

[5] 6 Fed.Reg. 4398, 4409.

[6] "If at the end of the probationary period the probationer's service rating has been satisfactory, to the extent required by regulation, a certificate to that effect filed within the department and his retention in the service shall confirm his absolute appointment. If, however, his service rating has been unsatisfactory as so provided, his service shall be terminated at the end of the probationary period."

It is argued that the above rule applies here because a certificate of satisfactory service was not filed in the department *at the end of appellant's probationary period*, i. e., six months after he entered the service. But this is a tortured interpretation of the Rule, for if it be read to mean, as this line of reasoning suggests, that a department head, by neglecting to make and file a certificate of satisfactory service *at the end* of the prescribed probationary period, may continue that period indefinitely one year, five years or ten years, before the appointment becomes absolute, then the whole rule becomes a farce and the obvious intent of Congress to assure permanency of tenure after a definite period would come to nothing, or else depend upon the whim of the official in charge.

In the present case, as we have seen, appellant was examined and rated "Satisfactory" some four months after his appointment, and two months prior to the expiration of the probationary period, and a certificate to that effect filed in the department. This was a compliance with the spirit of the regulation, and until this certificate was revoked by the filing of another it continued to be just as effective *at the end* of the six months as it was when made. It was, until changed, the current rating of the efficiency of the probationer, and not being changed before or at the time the six months' period expired, it was appellant's warrant for a continuation in his job and this condition existing after the six months' period guaranteed its permanency until removal proceedings were begun and carried out in accordance with law. This, we think, is shown by the concluding language of the section—"If, however, his service rating has been unsatisfactory as so provided, his service shall be terminated *at the end of the probationary period."* (Italics added.) In the present case appellant served for three and a half months after the probationary period without a suggestion of any kind from any source that his work was unsatisfactory, and in the view we take, it was then and thereafter too late to invoke against him the probationary rule. Hence, as we think, he was entitled to the notice and hearing which Congress has provided as a condition of removal of permanent employees.

We are, therefore, of opinion that the District Court was wrong in refusing to enter a declaration in appellant's favor in accordance with what we have just said. But it does not follow from this that we should forthwith direct the issuance of a writ in the nature of mandamus to restore appellant to office, for, as we have said many times in similar cases, courts should be slow in issuing mandamus which may result in interfering with the internal management of executive departments of government. What we said in Levine v. Farley [7] and Farley v. United States [8] are sufficient references to this subject, and our general views on the subject are summarized in Hammond v. Hull.[9]

Considered in this respect, therefore, it is enough for appellant's purposes, at least for the time being, that a declaratory judgment should be made by the District Court establishing his right, prior to dismissal, to notice and the sort of hearing provided by the statute.[10] But the District Court should retain jurisdiction of the cause so that, if at the end of ninety days no review by the Supreme Court is asked and granted, nor appellant restored to office, a writ may issue.[11]

We are clearly of opinion that the District Court was without jurisdiction to award judgment for back pay.[12]

In view of what we have said above, this cause must be remanded to the District Court, with instructions to proceed in accordance with this opinion.

[7] Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186.

[8] Farley v. United States, 67 App.D.C. 382, 92 F.2d 533.

[9] Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23.

[10] Aetna Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320.

[11] MacFarland v. United States, 31 App. D.C. 321; Farley v. United States, supra; Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901; Roberts v. United States, 176 U.S. 221, 20 S.Ct. 376, 44 L. Ed. 443; Truitt v. Philadelphia, 221 Pa. 331, 70 A. 757.

[12] 28 U.S.C.A. § 41 (20); Eberlein v. U. S., 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140.