**NORDEN v. ROYALL.**

Civ. A. No. 3453-48.

United States District Court
District of Columbia.

March 24, 1949.

On Motion for Summary Judgment
March 31, 1949.

Berueffy & Smollar, Washington, D. C., for plaintiff.

George Morris Fay, United States Attorney, Washington, D. C., for defendant.

**BAILEY, District Judge.**

In my opinion this Court, and not the Municipal Court, has jurisdiction of this case. Apart from the question as to the powers of the Municipal Court to enforce its judgments in equity by injunction or other equitable remedies, the instant case is not a suit "in which the claimed value of personal property or debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000."

It is not a suit for "personal property, debt, or damages." This language is materially different than the language limiting the jurisdiction of Federal Courts in the States in suits between citizens of different states to "civil actions wherein the matter in controversy exceeds the sum or value of $3,000." As to the questions of jurisdiction between this Court and the Municipal Court, the jurisdiction is not dependent simply upon the amount involved, but whether it is a suit to recover personal property or a debt or damages.

## On Motion for Summary Judgment.

Plaintiff was appointed to a position in the Department of the Army under an employment agreement as an excepted appointment under Schedules A or B of the United States Civil Service Act and Rules for not less than one year, a period subsequently extended to not less than one month. Thereby he was serving in an indefinite excepted appointment which could be terminated at any time after the minimum period stated, provided the requirements of Section 14 of the Act, 5 U.S.C.A. § 863, were met. He received notice a year and a few days after his appointment of termination of his contract and was informed that he would be separated from the service about a month thereafter. The notice stated that his employment agreement would expire October 1, 1947.

Plaintiff was honorably discharged from the service in the Army and was entitled to the applicable provisions of the Veterans' Preference Act of 1944, which provides that, "No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, hereinbefore referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service, * * *." 5 U.S.C.A. § 863.

Inasmuch as the plaintiff was appointed for an indefinite period, the grounds stated for his discharge were insufficient and any discharge upon the general ground that it would promote the efficiency of the service is not sufficiently definite without stating in what respect or for what reason the efficiency of the service would be promoted by his discharge.

The motion of the plaintiff for a summary judgment will be sustained and the motion of the defendant for a summary judgment will be overruled. The plaintiff is entitled to a declaratory judgment in accordance with this opinion but the practice

as established by the Court of Appeals in Borak v. Biddle, 78 U.S.App.D.C. 374, 141 F.2d 278, will be followed, and no mandamus or injunction order in the nature of a mandamus will issue for a period of ninety days after the entry of this order.