## MARSHALL v. CROTTY et al.

### Civ. A. No. 7424.

United States District Court
D. Massachusetts.

Jan. 9, 1950.

Francis W. Marshall, Newton Highlands, Mass., pro se.

United States Attorney, Richard Maguire, Asst. U. S. Atty., Boston, Mass., Harry Bergson, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

Francis W. Marshall, a released employee of the United States Veterans Administration, brings this action under Sections 12 and 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. §§ 861 and 863, against Francis W. Crotty, Personnel Officer, Boston Regional Office, of said Veterans Administration, and William A. Foley, Director of the First Civil Service Region. Plaintiff alleges that his separation from his employment was illegal and in his complaint, as amended by a supple-

mental complaint, asks (1) a declaratory judgment that he has been discharged in violation of law and should be restored to his position without loss of pay; and (2) if such declaratory judgment remains unacted upon, that a writ of mandamus be issued requiring defendants to restore plaintiff to his position, and to give plaintiff the preference to which he asserts he is entitled as a veteran.

Plaintiff has moved for summary judgment. Defendants move the court to dismiss the complaint or to render summary judgment for them. The court has before it, in connection with these motions for summary judgment, the complaint and supplemental complaint with defendants' answers thereto, defendants' answers to plaintiff's request for admissions, and affidavits of defendant Crotty and of William C. Hull, Executive Assistant to the United States Civil Service Commission.

Plaintiff Marshall entered the employment of the Veterans Administration on September 24, 1945 as an adjudicator P-2, being promoted on January 8, 1946 to adjudicator P-3. Plaintiff held a war service indefinite appointment, i. e., an appointment for the period of the war and six months thereafter. Plaintiff's annual salary rate on March 26, 1948 was $4275, although he contends that it should properly have been $4400.

By letter of February 25, 1948 from William J. Blake, Manager of the Boston Regional Office of the Veterans Administration, plaintiff was informed that because of budgetary limitations a reduction in force was being made and that his active service would be terminated at the close of business on March 26, 1948. The letter informed him that he had a right to appeal in writing to the Director, First United States Civil Service Region. Plaintiff did appeal to the Acting Director, who refused plaintiff's request for a hearing, and after administrative consideration upheld the action of the Veterans Administration. Plaintiff's services were terminated on March 26, 1948.

Thereafter, on his own initiative, the Acting Director on May 21, 1948 informed plaintiff that the refusal to grant a hearing had been erroneous under the applicable regulations, and a hearing was held on June 1, 1948. After hearing, the Regional Director again affirmed the action of the Veterans Administration. Plaintiff then appealed to the Board of Appeals and Review of the United States Civil Service Commission, which, after consideration of the record, upheld the action of the Regional Director.

Plaintiff is a veteran entitled to the benefits of the Veterans' Preference Act. Under the provisions of Section 12 of that Act, the Civil Service Commission has issued regulations governing the release of employees in any reduction of personnel. 5 C.F.R.1947 Supp. Part 20. Under the plan of classification prescribed by these regulations, plaintiff was placed in group B-1, i. e., the group which includes veterans with war service appointment and an efficiency rating of good or better. As such he was given a lower retention preference than those employees classified in group A, which included employees with permanent appointments, both veterans (sub-group A-1) and non-veterans (sub-group A-2). At the time of plaintiff's separation from the service one non-veteran P-3 adjudicator was retained in the employment of the Boston Regional Office and employment for two other non-veteran P-3 adjudicators was found in a branch office of the Veterans Administration. These non-veterans, however, had permanent tenure and were classified in group A for retention purposes, and no non-veteran in group B or any lower group was retained after plaintiff's separation from his employment.

Plaintiff's contention is that his release was in violation of the law and a denial of due process because he was not given an opportunity for a hearing before the administrative officer ordering his release, as provided in Section 14 of the Veterans' Preference Act, before being compelled to appeal to the Civil Service

Commission,* and also that his release while non-veterans were retained in employment was a denial of his rights as a veteran under Section 12 of that Act.

Defendants contend, as to the question on the merits, that the release was legal in that plaintiff, under the regulations governing reduction in personnel, was entitled to no greater preference than he actually received, that such regulations were valid under Section 12 of the Act, and that the procedural requirements of those regulations were eventually fully complied with. But while urging that on this basis they are entitled to summary judgment in their favor, defendants contend more strongly that the complaint should be dismissed on the grounds of lack of jurisdiction and failure to state a claim on which any relief can be granted.

 It is true, as defendants contend, that this court has no original jurisdiction to issue a writ of mandamus to compel restoration of plaintiff to his position. Its jurisdiction to issue such a writ is confined to cases where this is done as an ancillary proceeding to preserve jurisdiction already acquired on other grounds. Federal Rules of Civil Procedure, 81(b), 28 U.S.C.A.; 28 U.S.C.A. § 1651; Petrowski v. Nutt, 9 Cir., 161 F.2d 938. But the fact that this court cannot order plaintiff restored to his position does not prevent the granting of a declaratory judgment, which may be made whether or not further relief is or could be sought. 28 U.S.C.A. § 2201.

 Defendant, however, argues that this court has no jurisdiction to review the findings and decision of the Civil Service Commission or its officers. It is true that where the removal action has followed the procedure required by law and regulations, this court cannot review the determinations of fact of the administrative officers, or acts done by them within the scope of their discretion exercised as required by law. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186, 191. But when the complaint sets forth a claim that the plaintiff's removal was made in accordance with invalid regulations or not made in accordance with the procedure prescribed by statute or regulations for such case, and that his removal was a clear violation of law and a deprivation of rights guaranteed to him by statute, then this court has jurisdiction to pass on his claim. Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416; Wettre v. Hague, 1 Cir., 168 F.2d 825, 826, and cases cited; Borak v. Biddle, 78 U.S.App.D.C. 374, 141 F.2d 278, 281.

 However, this court will not have jurisdiction over such a cause of action unless the amount in controversy exceeds $3,000. 28 U.S.C.A. § 1331. Insular Police Commission v. Lopez, 1 Cir., 160 F.2d 673. In this case the only allegation of plaintiff which has any bearing on this issue is the assertion in paragraph 2 of the complaint that there is involved in

---

* Although the provisions of Section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863, were applicable to the plaintiff's removal, no opportunity, required by the statute, was given to the plaintiff by the administrative officer in the notice of removal to present to the latter the plaintiff's reasons why he should not be discharged and, consequently, no "adverse decision" was made by the administrative officer which the statute apparently required in the plaintiff's case before the veteran was compelled to appeal to the Civil Service Commission. As indicated above, the administrative officer, evidently because of existing regulations, was of the opinion that the provision for appeal rights within the agency presumably provided for in Section 14 (see Retention Preference Regulations for Use in Reduction of Force. Civil Service Regulations, 20.10(d), effective September 1, 1949) were not applicable in reduction of force cases and the veteran was merely accorded the right of appeal to the Civil Service Commission. In the view taken here it is not now necessary to discuss what effect this method of procedure on the part of the administrative officer had on the plaintiff's rights under Section 14.

this action the employment of the complainant whose annual salary is $4400. If the complaint showed that plaintiff claims to have been deprived of a right to employment for a period sufficiently long to earn at least $3,000 at that salary rate, then the presence of the requisite amount in controversy would be properly set forth. On the contrary, it appears from the admissions and affidavits before the court at the hearing on these motions that any right of employment which plaintiff had was not of so definite a character as to substantiate a claim that it was worth $3,000. His appointment was for the period of the war plus six months. It is true that, even though actual hostilities had ended, at the time of plaintiff's release the war period was still continuing. But this technical duration of the war was subject to termination at any time and, hence, from the very nature of his appointment, plaintiff could rely on earning little more than six months' salary, or about $2200. But even this was uncertain. Even if we assume that the release of the plaintiff on March 26, 1948 was improper, he would remain at all times subject to termination of his employment by a further reduction in personnel so far-reaching as to justify the release of an employee with the preference rights to which plaintiff lays claim. It does not matter that it is now apparent that the war period has not yet ended, or that further reductions in force have not taken place. Nor is it important that if plaintiff were now to be restored after a finding he had been wrongfully discharged, he would be entitled to recover back pay in excess of $3,000. The value of the right to employment of which plaintiff claims to have been illegally deprived must be judged as of the date when the allegedly illegal deprivation took place. Plaintiff has failed to show with any degree of certainty that the value of that right was in excess of $3,000. Consequently, the requisite amount in controversy is not present here, and this court does not have jurisdiction.

Defendants' motion to dismiss is allowed.

