**MULLIGAN**

**v.**

**ANDREWS, Com'r of Internal Revenue et al.**

No. 11716.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 27, 1953.

Decided Feb. 18, 1954.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., Frank H. Strickler, Asst. U. S. Atty., and William J. Peck, Asst. U. S. Atty. at time brief was filed, Washington, D. C., were on the brief, for appellees. Messrs. Charles M. Irelan, U. S. Atty. at time record was filed, Washington, D. C., and William R. Glendon, Asst. U. S. Atty. at time record was filed, Washington, D. C., entered appearances for appellees.

Before PRETTYMAN, BAZELON, and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Appellant brought this suit to declare his removal from the classified Civil Service illegal and for reinstatement

therein. His primary allegation was that disciplining officials had failed to comply with the statute and regulations governing removal procedures. In detail, the complaint alleged that the notice of charges preferred against him was not sufficiently specific, and that he was not advised of his right to file affidavits with the answer. At the hearing on cross motions for summary judgment, appellant also contended that the notice of charges was signed by officials who lacked such authority. In a written opinion,[1] the District Court held against appellant on all the issues thus raised. Accordingly, it ordered summary judgment in appellees' favor. Appellant is here seeking reversal.

We think the issues raised below were correctly decided. On this appeal, however, appellant advances a contention which he failed to make in the court below.[2] In substance, it is that the adverse decision, following his answer to the notice of charges served upon him, did not contain "reasons" sufficient to satisfy the requirements of the applicable removal procedure. This presents an issue of law which we consider, despite appellant's failure to raise it below, because we deem these to be "particular circumstances" in which "injustice might otherwise result."[3]

Briefly, these are the pertinent facts. Appellant, a Deputy Collector of Internal Revenue, was notified by letter that certain charges against him would be taken as true unless he offered satisfactory explanation. These charges, involving alleged violations of the Bureau's "Instructions to Employees," read as follows:

"* * * acceptance of fees or gifts for preparing the income tax returns over a period of years for taxpayers 'Nick' Robin, Isidore Robin, Peter and Catherine Stahl, Anthony and Magdalina Matje, and Leo C. Coleman. Amongst this group are several whose income is derived from illegal sources, which fact was known to you when you prepared their returns."

Appellant offered the following explanation:

"In connection with the money, practically pushed upon me by Magdalina Matje, she, knowing I could not type and that I had someone type the return of her father and mother (Peter and Catherine Stahl), which were too lengthy to prepare in longhand, she insisted the typing expenses be defrayed by her.

"Relative to the returns of 'Nick' Robin, Isadore Robin, Leo C. Coleman; I assisted them in the preparation of their returns from figures submitted by them. For this service I never received a fee, gift or any other gratuity. They informed me their incomes were derived from gambling commission; however, I did not think, and still do not think that I violated any Section of Bureau of Internal Revenue 'Instructions to Employees', by assisting them in the preparation of their returns."

Thereafter, disciplining officials issued the adverse decision which is under attack on this appeal. The decision read in pertinent part:

---

1. Mulligan v. Dunlap, D.C.D.C.1952, 108 F.Supp. 296.

2. Another contention urged on this appeal for the first time is that under 53 Stat. 487 (1939), 26 U.S.C. § 3991 (1946), only the Collector of Internal Revenue could remove appellant and hence that the authorized representative of the Secretary of the Treasury who issued the adverse decision had no power to do so. This contention is wholly without merit since

under Reorganization Plan No. 26, 64 Stat. 1280 (1950), 5 U.S.C.A. note following section 133z-15, effective prior to appellant's removal, the functions of the Collector were transferred to the Secretary of the Treasury.

3. Hormel v. Helvering, 1941, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037; Ward v. Anderson, 1953, 93 U.S.App. D.C. ——, ——, 208 F.2d 48, 50.

"Careful consideration has been given to your reply, together with the facts developed during the investigation, and the conclusion has been reached that the evidence is such as to show your unsuitability for continuance in the Internal Revenue Service."

The key clause in that decision was "the evidence is such as to show your unsuitability."

 Administrative proceedings for removal of employees from the classified Civil Service are governed by 5 U.S.C.A. § 652(a), and the regulations and administrative interpretation promulgated thereunder. Section 652(a) provides in pertinent part:

"No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service *and for reasons given in writing*. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer."[4]

The first sentence of this section contains two broadly stated conditions requisite for removal of an employee from the classified Civil Service. They are "[1] for such cause as will promote the efficiency of such service and [2] for reasons given in writing." Specific requirements for fulfilling those conditions are set forth in the very next sentence of the section. These requirements are that an employee must be served with a notice of the charges preferred against him, be afforded an opportunity to refute them by answer, and "be furnished with * * * a written decision on such answer." The applicable regulation makes clear that this decision must state the "reasons" for removal.[5] And, according to the Civil Service Commission's administrative interpretation of its regulations, a decision adverse to the employee can be based only upon reasons contained in the original notice of proposed adverse action.[6]

Plainly, and we so hold, the requirement of "reasons" for removal is not satisfied in this case by the conclusion of "unsuitability" based upon vague references to appellant's answer and "facts developed during the investigation." The decision failed to disclose which of the charges contained in the notice of proposed adverse action were relied upon for removal; or, indeed, whether removal rested upon any of the charges. Under the provisions of the statute and of the regulations outlined above, only find-

4. 62 Stat. 355 (1948), 5 U.S.C.A. § 652(a). Emphasis supplied.

5. 5 Code Fed.Regs. § 9.102(a) (1) (1949) provides in pertinent part: " * * * If the employee answers the charges, his answer must be considered by the agency. Following consideration of the answer, the employee shall be furnished at the earliest practical date with a written decision. If the agency determines that removal or other action is warranted, the employee shall be notified in the decision of the reasons for the action taken and its effective date."

6. The Civil Service Commission has issued the following interpretation of the "mandatory requirements" for removal of employees in the classified Civil Service:

"1. A final decision may not be made, and the adverse action may not be taken, in the circumstances outlined below. In these types of cases the agency must give the employee *a new notice of proposed adverse action*, and must comply with all other procedural requirements of the law and regulation:

"a. *If it is determined that adverse action should be taken for reasons other than those set forth in the notice of proposed action.* A decision adverse to the employee must be based only on the reasons given in the notice which he has had an opportunity to answer. No other reasons are valid as a basis for the adverse decision." Federal Personnel Manual, S 1–28 (1949).

ings upon such charges, specifically identified, can constitute the "reasons" required in the adverse decision.

The purpose of requiring this content for the "reasons" for removal is not to provide a record to facilitate judicial review of such "reasons" on their merits since review is narrowly limited by the absence of express statutory provision therefor. On the contrary, it is required as a procedural safeguard against just the sort of errors which, if committed at the administrative level, are beyond reach of our review.

The judgment below is reversed and the case is remanded to the District Court with directions to enter a declaration in appellant's favor in accordance with this opinion and to follow our decision in Borak v. Biddle [7] in determining the nature and scope of allowable relief.

So ordered.

---

**7.** 78 U.S.App.D.C. 374, 377, 141 F.2d 278, 281, certiorari denied, 1944, 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591. See Norden v. Royall, D.C.D.C.1949, 90 F.Supp. 834, 835–836.