Marion B. FOLSOM, Secretary of Health, Education and Welfare, et al., Appellants,

v.

George R. WEBER, Appellee.

No. 12617.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 3, 1955.

Decided Dec. 8, 1955.

Mr. Julian H. Singman, Attorney, Dept. of Justice, with whom Messrs. Leo A. Rover, U. S. Atty., and Samuel D. Slade, Attorney, Dept. of Justice, were on the brief, for appellants. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellants.

Mr. Murdaugh Stuart Madden, Washington, D. C., for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from the order and judgment of the District Court granting appellee's motion for summary judgment and denying appellant's cross-motion for summary judgment in an action for injunctive and declaratory relief seeking reinstatement in federal employment.

On August 15, 1947, appellee was appointed by the President and confirmed by the United States Senate as a commissioned officer in the Regular Corps of the Public Health Service, in the grade of senior assistant scientist. On

3. 62 Stat. 963 (1948), 28 U.S.C. § 2106 (1952).

April 1, 1949, appellee was permanently promoted to full grade scientist. On August 14, 1950, appellee had completed his first three years as a commissioned officer. In April of 1951 appellee was promoted to Chief, Sanitizing Agents Unit, Environmental Health Center. On April 23, 1952, appellee was notified by office memorandum that a review would be commenced for the purpose of determining his fitness for continuance on duty in the Service, in accordance with the provisions of Section 210(i) of the Public Health Service Act of 1944, as amended, 58 Stat. 682, 42 U.S.C.A. § 211(i). On December 1, 1952, appellee received notice that he would be separated from the Service effective December 31, 1952, in accordance with the provisions of the said Act and Section 21.-151 of the Public Health Service Regulations, Executive Order 9993, 13 F.R. 5102, 42 C.F.R. § 21.151 (1949), U.S. Code Cong.Service 1948, p. 2731.

Appellee's chief reliance in the District Court was based upon the contention that Section 210(i) of the Public Health Service Act of 1944, as amended, required a review of his record at the end of his first three years of service and not after four years and eight months, as was the case here. The trial court, after oral argument and finding that there was no substantial question of material fact, ruled in effect that the regulation under which the appellee was discharged was inconsistent with Section 210(i) of the statute and, in the case of inconsistency between the two, the statute prevails. The pertinent sections of the statute and of the regulations are as follows:

Section 210(i) of the Public Health Service Act of 1944, as amended, 58 Stat. 687, as amended, 42 U.S.C.A. § 211(i).

"At the end of his first three years of service, the record of each officer of the Regular Corps originally appointed to the senior assistant grade or above, shall be reviewed in accordance with regulations of the President and, if found not qualified for further service, he shall be separated from the Service and paid six months' pay and allowances."

Public Health Service Regulations, § 21.151; 42 C.F.R. § 21.151 (1949).

"*Separation of officers of Regular Corps originally appointed in or above the senior assistant grade.* As soon as practicable after the conclusion of the first 3 years of service of an officer of the Regular Corps originally appointed in or above the grade of senior assistant, the record of such officer shall be reviewed by a board appointed by the Surgeon General composed of three or more commissioned officers of the Regular Corps, the majority of whom, so far as practicable, shall be of the same professional category as the officer whose record is under review. If the board finds such officer not fully qualified for further service and if such finding is approved by the Surgeon General and the Administrator, such officer shall be separated from the Service."

The identical words "At the end of", in a similar statute, were interpreted by this court in Borak v. Biddle, 78 U.S. App.D.C. 374, 141 F.2d 278, certiorari denied 1944, 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591. There we held that action taken three and one-half months after the completion of the given period was not taken "At the end of" said period. We had under consideration a rule of the Civil Service Commission[1] which reads:

"If at the end of the probationary period the probationer's service rating has been satisfactory, to the extent required by regulation, a certificate to that effect filed within the department and his retention in the service shall confirm his absolute appointment. If, however, his serv-

---

1. Rule VII 2(c) of the Civil Service Commission, as amended by Executive Order No. 8587, Nov. 7, 1940.

ice rating has been unsatisfactory as so provided, his service shall be terminated at the end of the probationary period."

In Borak the court held that the agency could not, by delaying the required certificate, extend the six-months probationary status so as to deprive the employee of his tenurial rights granted under the Lloyd-LaFollette Act.[2]

The court said:

"It is argued that the above rule applies here because a certificate of satisfactory service was not filed in the department *at the end of appellant's probationary period,* i. e., six months after he entered the service. But this is a tortured interpretation of the Rule, for if it be read to mean, as this line of reasoning suggests, that a department head, by neglecting to make and file a certificate of satisfactory service *at the end* of the prescribed probationary period, may continue that period indefinitely one year, five years or ten years, before the appointment becomes absolute, then the whole rule becomes a farce and the obvious intent of Congress to assure permanency of tenure after a definite period would come to nothing, or else depend upon the whim of the official in charge." 141 F.2d at page 281.

Appellant says, however, that in the case before us there is no probationary period involved. A reading of the pertinent statute is sufficient answer to this contention. Here we have a case where a required review was not only commenced more than a year and eight months after the three-year period had expired but also after the appellee had received his second promotion.

The trial court, as we have indicated, considered that due to failure by the appellants to comply with the statute the question of compliance with a regulation promulgated thereunder would not arise because the statute would control. As-

suming *arguendo* that the Public Health Service Regulation above quoted is consistent with the statute and that appellants had the right to proceed thereunder, we nevertheless think that the words of the regulation "as soon as practicable after the conclusion of the first three years of service" cannot be interpreted, as appellants urge, to mean after a period of four years and eight months.

We think our decision is not inconsistent with the doctrine of the Myers case, Myers v. United States, 1926, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160. In the instant case it was the action, or lack thereof, taken under Section 210(i) which was improper.

In view of the foregoing, a discussion of the Performance Rating Act of 1950, 64 Stat. 1098, 5 U.S.C.A. §§ 2001–2007, is unnecessary.

Affirmed.