James F. MAUK, Appellant

v.

Roger W. JONES, Chairman, Civil Service Commission et al., Appellees.

No. 15543.

United States Court of Appeals
District of Columbia Circuit.

Argued June 15, 1960.

Decided July 11, 1960.

BAZELON, Circuit Judge.

Appellant brought this suit for declaratory and injunctive relief from the action of the Civil Service Commission whose members are the appellees herein, directing his removal from employment in the Public Health Service of the Department of Health, Education and Welfare. The complaint alleged that the Commission failed to furnish written notice of charges as required by the Lloyd-LaFollette Act. 37 Stat. 555, § 6, (1912), 5 U.S.C.A. § 652; Money v. Anderson, 1953, 93 U.S.App.D.C. 130, 208 F.2d 34; Mulligan v. Andrews, 1954, 93 U.S.App.D.C. 375, 211 F.2d 28. Appellees contended below that the notice requirements of § 652 are inapplicable, because appellant had not met the Act's requirement of one year's service notwithstanding the fact that he had been a civilian employee in the Department of the Navy for some twelve years prior to his separation and recent reinstatement as a career appointee in the Department of Health, Education and Welfare.

On cross motions, the District Court granted summary judgment in favor of the appellees and this appeal followed.

■ At oral argument in this court, appellees challenged, for the first time, appellant's right to maintain the suit. We think the point well taken and properly within our cognizance. Petroleum Exploration v. Public Service Comm., 1938, 304 U.S. 209, 216, 58 S.Ct. 834, 82 L.Ed. 1294.

■ Appellees pointed out that, at the same time appellant's appeals were pending before various review boards within the Civil Service Commission, including the Board of Appeals and Review, appellant had also requested the head of the Investigations Division to review his case; that the appeals were unsuccessful, but the review by the Investigations Division is as yet uncompleted; and that appellant's employment is being continued pending that determination. Thus, they argue that administrative remedies have not been exhausted and

Mr. Joseph H. Sharlitt, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Miss Doris H. Spangenburg, Asst. U. S. Atty., were on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

that, in any event, there is no "legal" injury justifying equitable intervention. We need not decide whether the pending review by the head of the Investigations Division establishes that administrative remedies have not been exhausted. For, while the impending threat of dismissal is no doubt distressing, we agree that so long as his employment is continued, he does not suffer injury requisite for equitable relief. Asher v. Forrestal, D.C.D.C. 1947, 71 F.Supp. 470. Cf. Benson v. Schofield, 1956, 98 U.S.App.D.C. 424, 236 F.2d 719. United Public Workers, etc. v. Mitchell, 1947, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754. It follows that we cannot reach the question whether under applicable law appellant is entitled to written notice of specific charges.

We reverse the order below granting summary judgment and remand the case with directions to dismiss the complaint.

So ordered.