Plaintiff Edward Dalton was a wage employee, a "distributor”, in the Bureau of Engraving and Printing of the Treasury Department. On February 28, 1982, he received a notice of proposed removal stating "repeated Acts of Misconduct” as the reason, and citing two such incidents: the first on January 24, 1978, and the second on January 27, 1978. The earlier one was that plaintiff had for some time refused to perform a work assignment given by his supervisor, with the prolonged altercation said to have caused a delay of one hour in the work production of his work area. The second act of misconduct was tardiness a few days later, followed by Dalton’s objection to not being granted leave-time absence, accompanied by his verbal abuse of his supervisor. The notice also listed four separate, prior incidents (in 1974, 1976, and 1977) which were "considered in proposing the above-mentioned action.”
The removal notice from the Director of the Bureau of Printing and Engraving (April 10, 1978) said, rather summarily, that "[a]fter careful consideration of the written reply submitted on your behalf * * * [the Acting Superintendent, Plate Printing Division] has decided that the reason stated in the memorandum of February 28,1978, is fully supported by the evidence and warrants your removal to promote the efficiency of the service”, adding immediately thereafter: "I [the Director of the Bureau of Printing and Engraving] have reviewed the entire matter, including the written reply made on your behalf * * * and, after careful consideration, have concluded that your removal is warranted.”
Dalton sought review by the then Federal Employee Appeals Authority (feaa) of the Civil Service Commission which held an evidentiary hearing and affirmed the removal. Thereafter he brought suit, challenging his removal, in the United States District Court for the District of Columbia which transferred the case here. Both parties have moved for summary judgment on the administrative *891 record, and we have had oral argument. Plaintiff does not attack the sufficiency of the evidence to support the feaa’s findings that he committed the two acts of misconduct in January 1978 that were charged against him. Rather, he levies two other challenges to the proceedings below.
The first is that the notice of removal was inadequate because it is said to have failed to inform plaintiff of those reasons for his removal which were sustained. We must reject that contention. Though the removal notice was inartfully worded, it is clear that it expressly and specifically upheld each of the two separate charges of misconduct in January 1978 that had been brought against Dalton. Those two acts constituted the "reason” set forth in the letter of proposed removal, and the Director’s decision says, first, that the Acting Superintendent of the Plate Printing Division had decided that that "reason” was fully supported by the evidence, and, second, that the Director (the deciding official) had himself "reviewed the entire matter” and "concluded that your removal is warranted.” Plaintiff had no difficulty in defending before the agency and the feaa against these two incidents (which were thoroughly ventilated by the feaa, and, though the agency cannot be awarded a gold star for the phrasing of the removal notice, we have no difficulty in holding that it complied with the requirement that the employee be specifically informed that the charges made against him (i.e. the two acts of misconduct in January 1978) were being sustained.
Mulligan v. Andrews, 211 F.2d 28 (D.C. Cir. 1954), cited by plaintiff, was quite different. In that case, there were, as here, very specific charges of misconduct, but the agency’s decision did not make any ruling on those express charges, saying instead, and very generally, no more than that "the conclusion has been reached that the evidence is such as to show your unsuitability for continuance in the Internal Revenue Service.” The present case is not at all parallel; it can hardly be disputed that the Director of the Bureau found that the two specific "acts of misconduct” had occurred.
Plaintiffs second issue related to the penalty of removal. He may have had a better argument that the notice of decision failed to reveal whether the decider, in his ruling *892 that removal was warranted as the sanction, took into account the four pre-1978 incidents cited, in the notice of proposed removal, after the two "acts of misconduct” in January 1978 had been set forth.[1] On that point the removal notice is indeed unclear. But plaintiff himself (acting through counsel) asked the feaa to give no consideration, and to hear no evidence, regarding those pre-1978 incidents. The hearing officer accepted that position. In taking that stance, plaintiff foreclosed the agency from developing a record as to the prior incidents and foreclosed the feaa from finding out whether they occurred and how serious they may have been. The employee cannot now turn around and contend that the two incidents in January 1978, taken by themselves, were so minor or trivial that the Director would not have ordered removal in the absence of the pre-1978 offenses. Cf. Pascal v. United States, 211 Ct. Cl. 183, 191-92, 543 F.2d 1284, 1289-90 (1976).
On the penalty of removal itself, the feaa found that, while plaintiffs removal on the sustained charges (the two incidents in January 1978) "is somewhat harsh, the sustained charges indicate an unacceptable unwillingness on the part of [plaintiff] to comply with proper supervisory directives”-and the FEAA concluded that the penalty was not unreasonable, arbitrary, or capricious. We are in the same position and cannot say that removal was disproportionate, especially since plaintiff prevented the feaa from hearing evidence on the facts and seriousness of the prior offenses. The circumstances of the two January 1978 incidents, as set forth in the feaa opinion, definitely show unnecessary, prolonged refusals to accept the supervisor’s instructions and decisions, on two separate occasions, closely related in time.
Accordingly, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The point is that, from the text of the notice of decision, it is hard to tell whether the Director of the Bureau thought that removal (instead of, e.g., suspension) was the proper sanction primarily because of plaintiffs prior record, or whether the Director decided on removal primarily or solely because of the two acts of misconduct in January 1978.